SUSAN B. SOWLES v. EUGENE MARTIN, E. P. ADAMS, AND
ALBERT SOWLES.

May Term, 1902.

Present: MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed January 18, 1904.

*Landlord and Tenant—Letting on Shares—Products—Tenants in Common—Sale—Accounting—Parties.*

In the ordinary case of letting a farm on shares, though the owner is
to have a "lien and ownership" on the entire products of the
farm as security for her share, she and the tenant are tenants in
common of such products.

If, in the ordinary case of letting a farm on shares, it is agreed that
the owner is to have "a lien and ownership" on the entire products of the farm as security for her share, she may sell, upon
the tenant's default, but she must account to the tenant as to
the owner of an equal share.

In the ordinary case of letting a farm on shares, though it be agreed
that the owner is to have "a lien and ownership" on the entire
products of the farm as security for her share; if the tenant has
misappropriated some of the products, and the owner has done
nothing inconsistent with the relation established by the contract, she may maintain a bill in equity for an accounting.

It is proper to make a party defendant to such suit, a person to whom
the owner of the farm sold certain hay, under the agreement that
the buyer should retain the tenant's share of the proceeds till
the account between the owner of the farm and the tenant should
be adjusted, and who paid over the tenant's share in violation of
the agreement.

APPEAL IN CHANCERY, Franklin County. Heard at
Chambers, on demurrer to the bill, *Rowell,* Chancellor. Demurrer sustained. The oratrix appealed.

The bill stated the ordinary case of letting a farm at the
halves by the oratrix to the defendant, Martin, and alleged

that "your oratrix furnished much more than one half, her share, of the seeds and materials to carry on said farm, for which she was to have a lien and ownership on the entire products and profits of said farm and crops, until her full share of the profits and income and advancements were paid;" that Martin had not fulfilled his part of the contract, but had misappropriated certain of the income and products of the farm. The bill prayed for a discovery and an accounting.

It is alleged in the bill that Albert Sowles is a creditor of Martin, and as such, had brought suit against Martin, and attached certain products of said farm, which suit was still pending. The opinion states the other facts.

*E. A. Sowles* for the oratrix.

The bill shows oratrix and Martin to be tenants in common, and alleges fraud on the part of Martin, and that he has misappropriated the common property. This gives equity jurisdiction. *Glastonbury* v. *McDonald*, 44 Vt. 450; *Bacon* v. *Bronson*, 7 John. Ch. R. 201; *Frost* v. *Kellogg*, 23 Vt. 308; *Leach* v. *Beaters*, 33 Vt. 195; *Lyon* v. *McLaughlin*, 32 Vt. 428.

*C. G. Austin* for the defendants.

The oratrix has a full remedy at law. The bill alleges that she was to have "a lien and ownership" of the products. She was the absolute owner. This is not a case of tenants in common. *Willmarth* v. *Pratt*, 56 Vt. 474.

MUNSON, J.  The bill sets up a contract with defendant Martin for carrying on the oratrix's farm on shares, and alleges that the oratrix was to have "a lien and ownership" on the entire products of the farm for whatever she might ad-

vance and for her share of the products until the same were fully paid, and that she furnished more than her share of the seeds and materials, but that Martin has not delivered to her her share of the products.

The owner of a farm and a tenant on shares are tenants in common of the products, in the absence of any special provision modifying their relations. *Frost* v. *Kellogg,* 23 Vt. 308; *Leach* v. *Beatties,* 33 Vt. 195. But in *Willmarth* v. *Pratt,* 56 Vt. 474, a stipulation like the one above set forth, was held to entitle the lessor to maintain trespass against the tenant for products sold. This was upon the ground that the general ownership was in the lessor, and that the tenant's right of possession was terminated by his unauthorized sale. But that decision is not an authority against the lessor's right to maintain a bill in equity upon a lease so framed under the circumstances now presented.

In this case the tenant was in default, and there are general allegations of the misappropriation and clandestine sale of some of the products; but it does not appear that the oratrix had, by suit or otherwise, treated the tenant as having done anything inconsistent with the relation established by the contract. The hay taken by defendant Adams was sold him by the oratrix, but upon terms which recognized the tenant's interest. The sale was upon condition that Adams should pay one-half of the consideration to the oratrix, and hold the tenant's half until the account between the oratrix and the tenant was adjusted, and then pay the same as the adjustment might determine.

We think that the oratrix and defendant Martin are to be treated as tenants in common of the products. The title to the tenant's share was in the oratrix for purposes of security merely, and while this gave her the right to sell upon the ten-

ant's default, she was to account to the tenant as the owner of an equal share. The tenant had done nothing that was treated as terminating the existing relation, and remained rightfully in possession of this hay until the sale. But the oratrix's sale passed the entire title to Adams, and her bill touches only the disposition of the avails. These, however, are the avails of property held by the parties as tenants in common, and the accounting in that behalf is within the jurisdiction of equity. So the bill can be maintained against defendant Martin.

It remains to inquire whether the bill can be maintained against Adams. It appears that Adams finally paid Martin for his half of the hay in disregard of the above agreement; and the oratrix seeks an accounting with Martin to determine the extent of her lien, and a decree charging Adams with the amount so paid over. It is alleged, obscurely but we think sufficiently, that Martin agreed with the oratrix and Adams regarding the holding of his share of the avails as above set forth. So Adams was dealing with both the oratrix and Martin in this particular, and became a trustee of the fund for the purposes agreed upon. He is therefore a proper party to the proceedings in which the rights of the oratrix and Martin in the fund are to be determined.

*Decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*