I. G. Gover *v.* Alfred Vaillancourt.

February Term, 1942.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 5, 1942.

*M. H. Alexander* for the plaintiff.

*F. S. Bedard, Jr.* and *P. C. Warner* for the defendant.

Moulton, C. J.    This cause was commenced as an action at law, but on motion of the defendant therein was amended into a suit in equity.   See *Vaillancourt* v. *Gover,* 112 Vt. 24, 20 Atl. 2d 122.   In the process of transformation the parties were reversed, so that the defendant at law is the plaintiff here, and the

plaintiff at law, the present defendant. The bill of complaint seeks an accounting under the lease of a farm on shares, in which the plaintiff was the lessor and the defendant the lessee. The Chancellor heard the testimony and found the facts. A small balance was found in favor of the defendant, and a decree entered accordingly. The defendant has excepted, claiming that four items of account were improperly allowed against him. He does not claim that these items were not justified by the evidence, but insists that they were not put in issue by the allegations of the bill of complaint, and therefore should not have been allowed, under the rule that the plaintiff cannot recover upon a case not presented by his pleading. See *Hitchcock* v. *Kennison*, 95 Vt. 327, 334, 115 Atl. 156; *Goodenough* v. *McGregor*, 107 Vt. 524, 528, 181 Atl. 287.

The first item is a finding of damage to the plaintiff caused by the act of the defendant in pasturing cattle and horses in the meadow soon after haying and continuing to do so until late in the fall, contrary to the principles of good husbandry.

The lease, which is recited at length in the bill of complaint, provided that the defendant should "carry on said farm at all times according to the tenets and principles of good husbandry," and that he should have the right, under certain conditions as to fencing to be done by him with material to be supplied by the plaintiff, "to pasture his own stock in the pasture across the brook from the meadow." No permission was given to use the meadow for this purpose. The bill of complaint alleges that the defendant did not operate the farm in a good and husbandlike manner; that he permitted the meadows to be pastured contrary to the provisions of the lease; and that, although the plaintiff furnished the fencing material, the defendant did not erect the fence, and pastured stock in the meadow, thereby injuring it and causing damage to the premises, for which he should account. These recitals and allegations are sufficient to justify the allowance of the item against the defendant.

The second item appears in a finding that four of the cows furnished by the plaintiff died while in the possession of the defendant, and that one half of the loss should be charged against the latter.

The lease provided that any loss of stock during the term

should be borne equally by the parties. It is alleged that two of the plaintiff's cows died, and three others were not returned to him at the expiration of the lease, although what became of them the plaintiff is unable to say, except that the defendant told him that they had died. It is clear that the allowance of this item against the defendant was proper under the pleadings.

The third item is the allowance against the defendant of the value of 75 bushels of oats, which are found to be a part of a large quantity which had been grown on the farm and had disappeared a few days before the termination of the lease.

By the terms of the lease all grain grown on the farm was to be used for feeding the stock thereon, or divided between the parties. The bill alleges that the defendant failed to divide with the plaintiff a large part of the crops and products of the farm and prays an accounting in respect thereto. The defendant does not claim that the missing oats had been fed, or that the amount of 75 bushels was not one half of the quantity that had disappeared. This item was properly allowed.

The last item is contained in a finding that seven bags of cow feed disappeared a few days before the termination of the lease and that the defendant should pay the plaintiff for three and one half bags. The specific objection to this finding is that it does not appear that the disappearance was due to the fault of the defendant.

This feed had been purchased by the plaintiff in accordance with his obligation to do so under the lease. Whether or not the defendant was at fault in the matter is immaterial, for the lease stipulated that all expense, loss or profit should be equally divided between the parties. There are allegations in the bill of complaint to the effect that the plaintiff furnished grain, a portion of which was not fed to the stock, but was disposed of by the defendant, who should account for the damage suffered thereby. The allowance of this item was proper.

No error has been made to appear.

*Decree affirmed.*