WHITMAN LUMBER COMPANY *v.* VAN BUREN LUMBER CO., INC.

(86 A2d 550)

January Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ., and CHASE, Supr. J.

Opinion Filed February 5, 1952.

*Vernon J. Loveland* and *Donald H. Hackel* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

CHASE, Supr. J. This is an action of contract to recover for lumber delivered to the defendant for kiln drying and milling. Hearing was had, without a jury, before the Rutland County Court, March Term, 1951. Findings of Fact were made to which the defendant seasonably filed, in writing, three exceptions. Judgment was for the plaintiff with an exception allowed the defendant. The defendant brings its bill of exceptions to this Court.

■ The only exceptions, taken by the defendant, were to the admission of plaintiff's Exhibit 1-a, to findings of fact Nos. 2, 4 and 5 and to the judgment. The defendant has briefed only its exceptions to findings Nos. 2 and 4. The only question presented is whether there was sufficient evidence to support findings Nos. 2 and 4 since exceptions not briefed are waived. *Little* v. *Loud,* 112 Vt 299, 301, 23 A2d 628.

The exceptions to findings Nos. 2 and 4 were identical, namely, "on the ground that said finding is not supported by the evidence in that there was no evidence that the lumber in question was delivered to said defendant and on the further ground that there was no evidence that said lumber was ever received by said defendant, excepting immaterial and incompetent evidence, objected to by defendant, and which should have been excluded."

Assuming, but in no way deciding, that delivery of the lumber to the defendant and its receipt by the defendant are separate acts, since the defendant has briefed only the sufficiency of the evidence to support the finding of delivery, we do not consider the question of its receipt by the defendant. *Little* v. *Loud, supra.*

■ Where findings are challenged upon the ground that they are without evidentiary support, they must stand if there is any legitimate evidence fairly and reasonably tending to support them. *Taylor* v. *Henderson and Smith,* 112 Vt 107, 111, 22 A2d 318, and cases cited.

The evidence in the case is that on June 7, 1948, the plaintiff shipped the lumber in question to the defendant by truck and on June 8, 1948, wrote it a letter giving directions as to kiln drying and milling. On November 22, 1948, the plaintiff wrote the defendant asking when the lumber would be ready to be called for. On November 24th the defendant wrote the plaintiff that "Inasmuch as we find no correspondence or any file wherein any previous order or transaction with your concern appears, will you kindly furnish us all pertinent data in regard to the letter of June 8, 1948, to which you refer,—or

better still, supply us with a copy of same?" The information requested was furnished the defendant by the plaintiff on November 29, 1948. The plaintiff wrote the defendant again on January 18, 1949. On February 1, 1949, the defendant wrote the plaintiff as follows:

> "With further reference to your letters of November 22nd, 29th and January 18th, and copy of letter of June 8, 1948, we regret to advise you that . . . according to our records . . . we find no trace of the lumber in question in our yard. However, we will continue our search for this material. The moment we have established where it is, we will give you full information regarding same.
>
> Owing to the fact that this plant was greatly over staffed during Mr. Fiske's "management", many of the employees who might be able to give us information regarding this material are no longer in this area . . . some having removed to distances of 250 miles or more. As you can see, this greatly retards our attempts to determine precisely what has happened to this material.
>
> You may, however, rest assured of our continuing efforts in regard to this very old matter, and remain,"

There then followed considerable correspondence, telephone conversations and conferences between the parties or their representatives. On June 6, 1949, a Mrs. Butler, purporting to be a bookkeeper of the defendant wrote Mr. Elwell, the treasurer of the plaintiff as follows:

> "I trust you will pardon the long delay in answering your letter of April 8th. However, the delay was occasioned by a shift of personnel from this office.
>
> I am instructed to ask that you visit this office to discuss the matter with our manager, Mr. Leo Edelman, or our New York office at 1155 Manhattan Avenue, Brooklyn, New York, and take it up with our Mr. Isadore Penn.
>
> We shall, indeed, be very happy to have this old matter determined and settled amicably in the near future."

On July 6, 1949, Mr. Edelman wrote Mr. Elwell as follows:

"Pursuant to our telephone conversation this morning, the writer is making arrangements for the purchase of lumber the equivalent of that which was shipped here last summer for drying and milling.
When this material is received at this plant, our office will call you so that you may arrange to have your representative call and inspect the lumber before it is milled.
Trusting this is in accordance with your understanding, and that we may settle this old matter very promptly, we remain,"

The plaintiff never received from the defendant the lumber in question, nor its equivalent, nor its value in money.

Applying the rule that the evidence must be taken in the light most favorable to the findings and read so as to support them if it can reasonably be done, *Eastman* v. *Jacobs,* 104 Vt 536, 537, 162 A 382, we think the evidence in this case and the inferences to be drawn therefrom fairly and reasonably support the findings.

*Judgment affirmed.*