## Paul A. Bagalio v. Richard D. Hoar, d.b.a. Central Motors

[110 A2d 719]

November Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary and Chase, J.J.**

Opinion Filed January 4, 1955.

*Finn & Davis* for the defendant.

*Foti & Adams* for the plaintiff.

**Cleary, J.** This is an action of contract. The defendant pleaded the general issue. Hearing was had, findings of fact were made and judgment was for the plaintiff. The case is here on the defendant's exceptions: A. to the findings of fact; B. to the failure of the court to find facts as requested by the defendant; C. to the exclusion of evidence offered by the defendant; and D. to the judgment.

The court found the following facts. The plaintiff was born on September 16, 1932 and during the summer of 1953 was still a minor; from February 1952 to July 25, 1953 he was the owner of a Chevrolet automobile; the defendant was then selling automobiles using the name of Central Motors; on July 24, 1953 the plaintiff drove to the defendant's place of business, became interested in having an Oldsmobile automobile and talked with the defendant's salesman named Ferry about trading his Chevrolet and the amount he might get for it as a trade-in; the next day July 25, 1953, Ferry called on the plaintiff relative to trading cars and took the plaintiff's Chevrolet to Central Motors, leaving the plaintiff an Oldsmobile; later the same day the plaintiff drove to Central Motors in the Oldsmobile and there saw the defendant; the defendant asked, "How old are you?" the plaintiff replied that he was not quite twenty-one. Whereupon the defendant said, "I can't do any business with you. If your father or

mother want to buy an automobile, that's a different case."
A "used car order," a duplicate conditional sale contract and
a conditional sale note were drawn up by the defendant and
his salesman took them to the plaintiff's mother, Dorothy G.
Bagalio. So far as appeared in the evidence, she signed these
papers without ever having examined the Oldsmobile described
therein. In connection with the preparation of the conditional
sale papers submitted to Dorothy G. Bagalio, the defendant
told the plaintiff that he would allow the plaintiff $450 for
his Chevrolet, and the papers were drawn on that basis.
Having obtained the signature of the plaintiff's mother on a
"used car order" and the conditional sale contracts and note,
the defendant had the plaintiff sign the transfer to his Chevrolet
on the back of the plaintiff's registration certificate. The
defendant testified that he understood that the Chevrolet
belonged to the plaintiff's mother; such an understanding was
neither justified nor correct. The plaintiff then was provided
by the defendant with a "transfer of registration" for the
Oldsmobile, registering the car in the plaintiff's name. The
plaintiff was delivered possession of the Oldsmobile and at
the same time turned over his Chevrolet to the defendant.
The plaintiff had not had the Oldsmobile more than a month
or two before it was repossessed by the sheriff, acting for the
defendant, and sold at sheriff's sale; so that the plaintiff, having
had a $450 Chevrolet on July 25, 1953, found himself with no
car at all in some sixty days from the time of his first dealings
with the defendant. Some time during August 1953, the
plaintiff "tried to get his money back" from the defendant,
without success. Meanwhile the defendant, in the course of
his business, had sold the Chevrolet formerly belonging to the
plaintiff, and so did not have it to return to the plaintiff, had
he decided to do so. The plaintiff brought this suit seeking
to disaffirm by a writ dated October 28, 1953. "The sale and
transfer of the Chevrolet to the defendant by the plaintiff,
while a minor, having been disaffirmed within a reasonable
time after the plantiff became of age on September 16, 1953,
the plaintiff is entitled to recover of the defendant the equiva-
lent of the fair market value of the Chevrolet, which the
court finds to be $450."

■ The defendant claims that the contract on which this action is based was one between the defendant and the plaintiff's mother and not between the defendant and the plaintiff. The plaintiff's mother is not a party here. The declaration alleges that on July 25, 1953, the plaintiff was a minor, the owner of the Chevrolet of the value of $450. and agreed with the defendant whereby the Chevrolet was given the defendant in exchange for the Oldsmobile; that the plaintiff on becoming 21 years of age had disaffirmed the agreement; that he was willing to and would return the Oldsmobile to the defendant but was prevented from doing so because the defendant had already repossessed the Oldsmobile; and that the plaintiff had demanded the return of the Chevrolet or the $450 but the defendant refused to either return the Chevrolet or pay the $450.00. It has always been the law in this state that contracts made by a minor during infancy, if not for necessaries, may be avoided by him if disaffirmed within a reasonable time after arriving at full age. *Pool* v. *Pratt*, 1 D. Chip 252, 253; *Bigelow* v. *Kinney*, 3 Vt 353, 358; *Abell* v. *Warner*, 4 Vt 149, 152; *Price* v. *Furman*, 27 Vt 268, 270, 271; *Person* v. *Chase*, 37 Vt 647, 648; *Bromley* v. *School District*, 47 Vt 381, 385; *Hoyt* v. *Wilkinson*, 57 Vt 404, 406; *Bombardier* v. *Goodrich*, 94 Vt 208, 209, 110 A 11, 9 ALR 1028; *McNaughton* v. *Granite City Auto Sales*, 108 Vt 130, 131, 183 A 340.

■ ■ The defendant briefs seven of his exceptions to the findings of fact, numbers 1, 2, 4, 5, 6, 7 and 12. Number 1 is to the finding that so far as appeared in the evidence Dorothy G. Bagalio signed the papers without ever having examined the Oldsmobile described therein. This finding is immaterial to any issue in the case, as claimed by the defendant, and can be disregarded without affecting the result of the material findings. *Turner* v. *Bragg*, 113 Vt 393, 398, 35 A2d 356; *Gould* v. *Towslee*, 117 Vt 452, 467, 94 A2d 416. An exception to an immaterial finding is not for consideration. *Turner* v. *Bragg*, 113 Vt 393, 398, 35 A2d 356; *Fuller* v. *Watkins*, 117 Vt 257, 261, 90 A2d 444; *Cole* v. *Cole*, 117 Vt 354, 359, 91 A2d 819.

■ ■ Exception number 2 is to the finding that "In connection with the preparation of the conditional sale paper

submitted to Dorothy G. Bagalio the defendant told the plaintiff that he would allow the plaintiff $450 for his Chevrolet, and the papers were drawn on that basis" as unsupported by the evidence. The court had previously found without exception that the defendant was doing business under the name of Central Motors; that the plaintiff was the owner of the Chevrolet and talked at Central Motors with the defendant's salesman about the amount he might get for it as a trade-in. The plaintiff testified that he entered negotiations on July 25th at Central Motors for disposing of his Chevrolet and that the value Central Motors allowed him for his Chevrolet when he made the trade was $450. The defendant's salesman Ferry testified that he talked with the plaintiff with regard to taking his Chevrolet in exchange for a car of Central Motors, that on July 25th the discussions were with the defendant on the value of the Chevrolet and the value allowed was $450. The "Used Car Order" was made out by the defendant and states that the allowance for the Chevrolet was $450. The conditional sale contract lists the trade-in allowance as $450. When the defendant made out the "Used Car Order" and the conditional sale contract the plaintiff was the owner of the Chevrolet. A finding must stand if the record discloses evidence, which, upon any rational view supports it. *Colby's Executor* v. *Poor*, 115 Vt 147, 152, 55 A2d 605; *Hayden* v. *Lavallee*, 116 Vt 340, 341, 75 A2d 690; *Whitman Lumber Co.* v. *Van Buren Lumber Co.*, 117 Vt 170, 171, 86 A2d 550; *Hackel, Trustee* v. *Burroughs*, 117 Vt 328, 330, 91 A2d 703; *Town of Randolph* v. *Ketchum*, 117 Vt 468, 470, 94 A2d 410. Applying the rule that the evidence must be taken in the light most favorable to the findings and read so as to support them if it can reasonably be done we think the evidence reasonably supports the finding and that the exception is of no avail. *Whitman Lumber Co.* v. *Van Buren Lumber Co.*, 117 Vt 170, 173, 86 A2d 550; *Wilkins* v. *Blanchard-McDonald Lumber Co.*, 115 Vt 89, 90, 52 A2d 781; *Eastman* v. *Jacobs*, 104 Vt 536, 537, 162 A 382.

■ Exception number 4 is to the finding that "The defendant testified that he understood that the Chevrolet belonged to the plaintiff's mother; such an understanding was

neither justified nor correct." The defendant briefs it on the grounds that the finding that such an understanding was neither justified nor correct constitutes a conclusion of law is unwarranted from the evidence in the case, and that the uncontradicted evidence shows that the defendant negotiated with the plaintiff's mother for the sale of the Chevrolet and defendant was entitled to rely upon exhibit C, signed by plaintiff's mother, which contains a representation by the plaintiff's mother that the Chevrolet was free of all encumbrance. The court had previously found that at the time of the transaction the plaintiff was a minor and the owner of the Chevrolet; that the defendant had told the plaintiff he would allow the plaintiff $450 for his Chevrolet and the papers were drawn on that basis; and that the defendant had the plaintiff sign the transfer to his Chevrolet automobile on the back of the plaintiff's registration certificate. The finding now questioned is sustained by the facts previously found so assuming the questioned finding to be a conclusion of law no error can be predicated upon it. *Schwarz* v. *Avery*, 113 Vt 175, 180, 31 A2d 916; *Town of Randolph* v. *Ketchum*, 117 Vt 468, 472, 94 A2d 410.

■ The defendant briefs his exceptions numbered 5 and 6, together. The exceptions are to the following findings: "The plaintiff then turned over his Chevrolet automobile to the defendant and in turn he was provided by the defendant with a transfer of registration for the new Oldsmobile. (Plaintiff's Exhibit No. 3, registering the car in plaintiff's name.)" and "The plaintiff was delivered possession of the new Oldsmobile and at the same time turned over his Chevrolet automobile to the defendant" and are briefed on the ground that the Chevrolet belonged to the plaintiff's mother at the time it was traded. The only evidence mentioned by the defendant to support this claim is the representation made by Dorothy Bagalio in the Used Car Order, Defendant's Exhibit C, that the Chevrolet was free of any encumbrance. On the other hand the plaintiff testified that he owned the Chevrolet, that it was registered in his name, that he had it in his possession, that he turned over its possession to the defendant's salesman and was delivered possession of the Oldsmobile. Findings

must stand if supported by any substantial evidence, although there may be inconsistencies, or even substantial evidence to the contrary. *Petition of Citizens Utilities Company,* 117 Vt 285, 287, 91 A2d 687. The exceptions are not sustained.

The defendant's exception numbered 7 is to the finding that "the plaintiff had not had the Oldsmobile more than a month or two before it was repossessed by Sheriff Lawson, acting for the defendant, and sold at sheriff's sale; so that the plaintiff, having had a Four Hundred and Fifty Dollar Chevrolet on July 25, 1953, found himself with no car at all in some sixty days from the time of his first dealings with the defendant." The exception is briefed on the grounds that the uncontradicted evidence shows that the Olsdmobile was sold to the mother, and that the defendant never dealt with the plaintiff after the time that he found that the plaintiff was under the age of twenty-one years. The defendant has misinterpreted the finding. It is concerned with the possession of the Oldsmobile, not its title. The evidence was undisputed that the defendant made out the transfer of registration and delivered possession of the Oldsmobile to the plaintiff and two months later had the sheriff repossess it from the plaintiff so the exception is not sustained.

Exception numbered 12 is to the finding that "the sale and transfer of the Chevrolet automobile to the defendant, by the plaintiff, while a minor, having been disaffirmed within a reasonable time after the plaintiff became of age, the plaintiff is entitled to recover of the defendant the equivalent of the fair market value of the Chevrolet which the court finds to be $450." The grounds of the exception which are briefed are that the uncontradicted evidence shows an express written contract between the defendant and the plaintiff's mother which must control, that the court found as a fact that the defendant refused to deal with the plaintiff and that the evidence clearly establishes that the defendant never entered into any contract with the plaintiff. The contract between the defendant and the plaintiff's mother could not and did not affect the plaintiff's ownership of the Chevrolet. *Keeler* v. *Fassett,* 21 Vt 539, 542; *Ferguson* v. *Phoenix Ins. Co.,* 84 Vt

350, 357, 359, 79 A 997, 35 LRANS 844; *Bombardier* v. *Goodrich*, 94 Vt 208, 209, 110 A 11, 9 ALR 1028. The court did not find that the defendant refused to deal with the plaintiff. Though the defendant said to the plaintiff "I can't do any business with you" he° did do business with the plaintiff. After making the statement the defendant made out and had the plaintiff sign the transfer of the Chevrolet registration from the plaintiff and accepted delivery of possession of the Chevrolet from the plaintiff. The evidence supports the finding and the exception is of no avail.

■ The defendant briefs five exceptions to the failure of the court to find as requested by the defendant. Stated briefly the defendant requested the court to find that, on the 25th of July, 1953, Dorothy Bagalio represented to the defendant that she was the owner of the Chevrolet in question, free from all encumbrances; that on that day the defendant sold the Oldsmobile to Dorothy Bagalio, and she in turn traded in the Chevrolet towards the Oldsmobile and made, executed and delivered to the defendant a conditional sales contract agreeing to pay the balance of the purchase price. The grounds of the exception are the same in each instance, that the request is material to the issue and is supported by the uncontradicted evidence. The evidence was not all as claimed by the defendant. The "used car order" and the conditional sales contract were not made by Dorothy Bagalio but by the defendant. Dorothy Bagalio did not represent to the defendant that she was the owner of the Chevrolet. The requested findings would not and could not affect the plaintiff's rights. Even though the facts were as claimed by the defendant the plaintiff's mother had no right to trade in the plaintiff's Chevrolet regardless of any representation by her that it was free of all encumbrances. *Keeler* v. *Fassett*, 21 Vt 539, 542; *Ferguson* v. *Phoenix Ins. Co.*, 84 Vt 350, 357, 359, 79 A 997, 35 LRANS 844; *Bombardier* v. *Goodrich*, 94 Vt 208, 209, 110 A 11, 9 ALR 1028. The exceptions are of no avail.

■ The defendant excepted to the exclusion of "Defts F" purporting to be a chattel mortgage of the Chevrolet in question by Dorothy Bagalio and the plaintiff to the Mont-

pelier Savings Bank and Trust Company dated February 25, 1952. It was offered "as confirmation, as further evidence of title on the part of Dorothy Bagalio." The court found that the plaintiff owned the Chevrolet and repeatedly referred to it as his car in the findings of fact. Several of these findings are unchallenged. It follows that the claimed error in the exclusion of evidence relative to the subject matter of such findings is of no consequence. *Estate of Holton* v. *Ellis*,114 Vt 471, 490, 49 A2d 210; *Bethel Mills* v. *Whitcomb*, 116 Vt 357, 363, 76 A2d 548.

 The defendant's last exception is to the judgment. He briefs it on what he claims the evidence shows but since there is no available exception to the findings, we will not look back of them to ascertain whether the evidence supports the judgment. *Little* v. *Loud*, 112 Vt 299, 304, 23 A2d 628. The exception raises only the question of whether the judgment is supported by the findings. *Abell* v. *Central Vt. Ry.*, 118 Vt 189, 190, 102 A2d 847; *Randolph* v. *Ketchum*, 117 Vt 468, 477, 94 A2d 410; *Norman* v. *American Woolen Co.*, 117 Vt 28, 31, 84 A2d 125. It is apparent from a reading of the facts found by the court that they do support the judgment, and that the exception has no merit.

*Judgment affirmed.*