### Geno N. Franzoni v. Abe Newman

[110 A2d 716]

Special Term at Rutland, November, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 4, 1955.

*Joseph M. O' Neill* (*Silvio T. Valente* and *Frederic Delaney, Jr.* on the brief) for the plaintiff.

*Loveland & Hackel* for the defendant.

**Chase, J.** This is an appeal from the order of the lower court sustaining the defendant's demurrer and dismissing the plaintiff's bill of complaint without costs. The case is here on the plaintiff's bill of exceptions.

The original complaint was in an action of tort and was demurred to. The demurrer was sustained; plaintiff with leave of court repleaded. The complaint as amended alleged that plaintiff, defendant and one Romano organized Pico Raceway, Inc.; plaintiff and Romano were each issued ten shares of capital stock for cash and defendant issued nineteen shares for a five year lease of land and premises to be used as a race track; that plaintiff, defendant and Romano were the only officers and directors of the corporation; that the corporation operated the race track from August to November in 1951 and from May to September 1952; that Romano left Rutland about January 1, 1953 and thereafter took no active part in the affairs of the corporation; that plaintiff and defendant had several meetings on the question of opening the track in April, 1953; that because of the great indebtedness of the corporation the defendant wanted the corporation to go into bankruptcy and the plaintiff wanted the race track operated; that about April 14, 1953 plaintiff received a letter from defendant's then counsel that if a note on some installment obligation and a note of the corporation were not paid to the defendant he would not allow the corporation to commence operation of the race track in 1953; that the payment of these notes was not a condition prerequisite to commencing the operation of the race track because of the lease; that this demand interfered with and prevented the corporation from exercising its rights under its lease and resulted in the financial weakness of the corporation; that the profits of the corporation were used to improve the leased premises; that the lease provided for automatic termination upon bankruptcy of the lessee; that the bankruptcy would unjustly enrich the defendant; that plaintiff had assured creditors of the corporation that the race track would be operated at a profit and they would be paid provided they would not institute legal proceedings to prevent the operation of the race track; that plaintiff, as a director of the corporation, refused to agree to put the corporation into voluntary bankruptcy; that the defendant had the corporation put into involuntary bankruptcy on June 9, 1953; that defendant prevented plaintiff from operating the race track in 1953; that defendant maliciously, wilfully, fraudulently and unlaw-

fully procured the filing of the involuntary petition in bankruptcy with intent to deceive and defraud the plaintiff; that defendant requested certain creditors to sign and offered to pay one to sign the involuntary petition in bankruptcy; that defendant endorsed without recourse a note of the corporation payable to himself to one McIntyre without consideration and solely for the purpose of having McIntyre sign the petition for involuntary bankruptcy; that McIntyre did sign the petition; that defendant did not act in good faith in procuring the filing of the petition in bankruptcy; that defendant as an officer and director of the corporation was disqualified to sign the petition in bankruptcy; that the creditors of the corporation blamed the plaintiff for permitting the corporation to go into involuntary bankruptcy. The plaintiff then claimed damages for injuries to his personal and official character and reputation; for a heart attack brought on by worry, mental anguish, etc., caused by the alleged acts of the defendant; and for medical and hospital expenses, past and future.

The defendant states several grounds in his demurrer to the plaintiff's amended declaration. The important one so far as this case is concerned, is No. 5 which is as follows: "Said declaration does not allege or show any legal duty owing by said defendant to said plaintiff, or the breach of any such legal duty, or any wrongful act on the part of said defendant for which this plaintiff may recover."

With respect to this ground of the demurrer all the plaintiff says in his brief is "that the facts alleged in the declaration show that the plaintiff has suffered an injury by the defendant"; that he has made "sufficient allegation of wrongful and unlawful and malicious conduct on the part of the defendant". Later in his brief, in discussing other grounds of the demurrer, he lists certain acts of the defendant which he characterizes as "unlawful", "unlawful and wrongful" or "malicious". Nowhere does the plaintiff do more than make naked statements unsupported by argument or citation of authorities with respect to any claimed wrongful or unlawful act of the defendant. This is inadequate briefing and merits no consideration. *Dependents of Vlahos* v. *Rutland Restaurant,* 104 Vt 188, 190, 157 A 832 and cases cited; *Quesnel* v. *Smith,*

108 Vt 373, 374, 187 A 374 and cases cited; *Doubleday* v. *Stockbridge*, 109 Vt 167, 170, 194 A 462; *Flint* v. *Davis*, 110 Vt 401, 404, 8 A2d 671.

■ At most the plaintiff's allegations indicate that the defendant acted legally but from bad motives. Motive alone is not enough to render a person liable for doing something he had a legal right to do. *Humphrey* v. *Douglass*, 11 Vt 22, 24; *South Royalton Bank* v. *Suffolk Bank*, 27 Vt 505, 508; *Chatfield* v. *Wilson*, 28 Vt 49, 57, 58; *Wakefield* v. *Fairman*, 41 Vt 339, 345; *Raycroft* v. *Tayntor*, 68 Vt 219, 223, 224, 35 A 53, 33 LRA 225.

So far as this case is concerned ground No. 5 of the defendant's demurrer is good, therefore it is unecessary to consider any other points briefed by the plaintiff.

In oral argument counsel for the plaintiff said he relied on Paragraphs 2 and 3 of section 152, 18 U. S. C. A., Crimes and Criminal Procedure. Counsel does not point out nor do we perceive how the paragraphs relied upon have any relation to the case before us.

*Judgment sustaining the demurrer and dismissing the complaint without costs affirmed.*