## Louis Ricci v. Perry E. Bove's Executor et als

[114 A2d 648]

February Term, 1955.

Present: Jeffords, Cleary, Adams and Chase, JJ., and Hulburd, Supr J.

Opinion Filed May 3, 1955.

*Bloomer & Bloomer* for the appellant.

*Hanford G. Davis* and *Ryan, Smith & Carbine* for Philip B. Billings, Executor, appellee.

**Jeffords, J.** This is an appeal from an order of the Probate Court for the District of Rutland allowing certain accounts of the executors of the estate of Perry E. Bove. The appeal was taken to the Rutland County Court. The cause was referred by that court to a commissioner for the purpose of taking evidence and reporting the facts to the court. Hear-

ings were held and on March 18, 1954 the commissioner filed his report which consisted of facts as found by him. On that same day the commissioner filed corrections to certain of his findings. On April 1 Louis Ricci, who had appealed from the order of the probate court, filed objections and exceptions to the findings as corrected. On July 16 the county court entered a judgment accepting and approving the reports of the commissioner. Exceptions to the judgment were allowed to all parties in interest. A bill of exceptions filed by Ricci was allowed on August 9, 1954.

In the bill of exceptions it is stated that "Although the findings of fact were filed on, to wit, March 18th, 1954, and appellant was awaiting, no hearing was had thereon or in connection therewith." The appellant contends that he was entitled to a hearing on his objections and exceptions to the findings and cites *Oakes* v. *Buckman*, 87 Vt 187, 88 A 736 in support of his claim. In that case there was a reference to a referee. Exceptions were filed to his report and a motion was made to recommit the report for further findings. The record did not expressly show that these exceptions were disposed of or that the motion was passed upon by the lower court. Neither did the record show that they were not. Judgment was rendered against the excepting party. The following pertinent language appears in the opinion with cited cases here omitted: "One of the errors assigned is the alleged failure of the county court to pass upon the exceptions and motion; others relate to the amount of the judgment. It is quite apparent that the exceptions to the report raised questions which the trial court was bound to consider, and dispose of according to law. The plaintiff in error could demand a decision of these questions as a matter of right. To render judgment on the report without passing upon these exceptions would be much like ignoring an issue joined on the record and rendering judgment, which is erroneous. It is also much like rendering a premature judgment, which is ground for reversal."

*Jenness* v. *Simpson*, 84 Vt 127, 78 A 886 is cited in support of the last sentence in the above quotation. In that case the lower court entered judgment a day before the time expired

in which the plaintiff had to file a remittitur so the judgment was entered prematurely. On page 133 it is stated: "Such a judgment is irregular, though not void, and will be reversed or set aside. But the defendant has no exception to the judgment, so there is nothing, so far as that is concerned upon which this Court can act."

In the Oakes case the judgment was affirmed by applying the rule of presumptions in favor of a judgment. On this point our Court says on page 189: "But the record does not affirmatively show that these matters were not passed upon below; and, since the court could not properly render judgment until they were disposed of, it will here be presumed, in aid of the judgment, that it overruled the exceptions and denied the motion. This results from familiar rules. Upon a writ of error every presumption which is not positively inconsistent with the record is to be made in favor of the judgment." It is apparent that these rules cannot here be applied in favor of the judgment as it affirmatively appears in the bill of exceptions that no hearing was had below on the appellant's exceptions to the findings of fact contained in the report.

■ The appellant did not take any specific exception to the failure of the trial court to have a hearing on his exceptions before entering judgment. However, the exception granted him to the judgment is sufficient to bring the question of the validity of the judgment, without such a hearing, before us for review. That this is so is recognized by strong implication in the last sentence in the quotation from the Jenness case. We have held many times that a general exception to the judgment reaches every question involved in the rendition of the judgment and necessary to its validity. Some of the cases with this holding are *Duchaine* v. *Zaetz*, 114 Vt 274, 276, 44 A2d 165; *Glass* v. *Newport Clothing Co.*, 110 Vt 368, 372, 8 A2d 651; *Morgan* v. *Gould*, 96 Vt 275, 280, 119 A 517; *Eddy* v. *Field*, 85 Vt 188, 81 A 249. This last was a case with a reference to a referee.

It is clear that under the Oakes and Jenness cases the judgment in the present case is an irregular one and must be reversed. See also 76 CJS 289, §184.

466

■ We have reached the conclusion that the exception to the judgment is sufficient to bring before us the question of its validity without any aid from the appellant in his briefs. Passing over the question of whether specific briefing of this point was required, or whether the citation of the Oakes case and reference to the holdings and statements therein were sufficient, since the question presented is fundamental to the excepting party's rights we may relax the rigor of our rule as to briefing and consider it. *Sheldon* v. *Little*, 111 Vt 301, 306, 307, 15 A2d 574, 137 ALR 1.

The appellee refers us to County Court Rule 19, par. 6, in support of his claim that the appellant was not entitled to a hearing on his exceptions. That rule does not here apply as exceptions were filed within 15 days after the filing of the report.

Our holdings above make it unnecessary to consider the claims of error advanced by the appellant in respect to the findings.

■ In closing we wish to state that when a party has filed a motion to recommit a report or has filed exceptions to findings of fact contained in the report and desires a hearing on his motion or exceptions, or both, he should file a motion forthwith requesting such hearing and if the motion be denied except to the denial. We suggest that this procedure be followed in the future.

*Judgment reversed and cause remanded for a hearing on the objections and exceptions to the findings of fact contained in the report of the commissioner.*