# Blake Chevrolet Company, Inc. v. Waldo Emerson

[132 A2d 161]

February Term, 1957.

Opinion Filed May 7, 1957.

*John Morale* and *Finn & Davis* for the defendant.

*Harvey B. Otterman, Jr.* for the plaintiff.

**Cleary, J.** This is a contract action brought to recover certain payments of money claimed to have been made by the plaintiff to the General Motors Acceptance Corporation on behalf of the defendant. The defendant's answer was a general denial with an affidavit of defense. Hearing was had in the Orange Municipal Court, findings of fact were made and judgment was rendered for the plaintiff. The case is here on the defendant's exceptions to the denial of his motion to dismiss, to the findings of fact, to the failure to find as requested and to the judgment.

Among others, the trial court made the following findings of fact. The plaintiff conducts the business of buying and selling new and used motor vehicles at Bradford, Vermont. On September 2, 1953 the plaintiff conditionally sold to the defendant a 1947 used Studebaker pickup truck and, as part of the transaction, both plaintiff and defendant signed a conditional sales contract, "Plaintiff's Exhibit 1." On the same day the

plaintiff assigned the conditional sales contract to the General Motors Acceptance Corporation, also referred to as G.M.A.C. This assignment conveyed the general ownership in the truck, subject, however, to the equity of the defendant to redeem and also contained a contract of guaranty between the plaintiff and G.M.A.C.

The sum due on the contract on November 2, 1953 was demanded of the defendant by Mr. Martin, G. M. A. C.'s agent, and the truck was repossessed by Martin and by Mr. Walker, an agent and officer of the plaintiff corporation, about June 1, 1954, after notice by the defendant to Mr. Martin, that no payments would be made, and that the truck was available to be repossessed by him. The truck was taken by G.M.A.C.'s agent to the plaintiff's place of business in Bradford, and there later sold at private sale. The defendant defaulted in each and every payment, and the plaintiff advanced to the financing party for the use and benefit of the financing party upon the contract seven installments, amounting to the whole sum of Two Hundred Sixty-six dollars; each of such installments being made more than thirty days after default.

■ Although other exceptions are briefed we need consider only the defendant's exception to the judgment. This exception raises the question of whether the judgment is supported by the findings. *Bagalio* v. *Hoar*, 118 Vt 384, 392, 110 A2d 719, and cases there cited. The defendant contends the judgment should be reversed because of V. S. 47, §§2779 and 2780.

V. S. 47, §2779 provides that the vendor or his assignee of personal property sold conditionally and with a lien reserved thereon, after thirty days from the time of condition broken, may cause the property on which the lien exists to be sold at public auction by a public officer at a public place in the town where the person giving the lien resides, or where such property is located, provided at least ten days notice of the time, place and purpose of such sale has been posted in two or more public places in such town.

■ ■ V. S. 47, §2780 provides that unless such sale is made within sixty days after possession of the property, sub-

ject to such lien, is taken by or in behalf of the conditional vendor or his assignee, such property shall be deemed to have been taken and accepted in full satisfaction of the lien. This section also provides that no action shall be maintained to recover the debt secured thereby, or any part thereof, except against the conditional vendee or other person liable for the debt secured by said lien who consents in writing to a continuance of such sale beyond such period of sixty days, and then only when such sale is made on a date in such written consent. The findings show that the truck was sold, after its repossession, at private sale. This court has repeatedly held that foreclosure of the conditional sale contract could be made only in the manner prescribed by the statutes. *Roberts* v. *Hunt*, 61 Vt 612, 615, 17 A 1006; *Smith* v. *Wood*, 63 Vt. 534, 535, 22 A 575; *French* v. *Osmer*, 67 Vt 427, 430, 32 A 254; *Clark* v. *Clement*, 75 Vt 417, 420, 56 A 94; *Loverin* v. *Wedge*, 102 Vt 138, 142, 146 A 248; *Vt. Acceptance Corp.* v. *Wiltshire*, 103 Vt 219, 224, 153 A 199, 73 ALR 792. The statutes now provide that the method prescribed shall be the exclusive method except by Bill in Chancery, for foreclosing such a lien. V. S. 47, §2737; No. 62, Public Acts of 1949.

The findings also show that the sums advanced by the plaintiff and for which this judgment was rendered, were for the payment of installments due under the conditional sales contract, and were made to the G. M. A. C. for its benefit. There is no finding that the sums thus paid by the plaintiff were advanced at the defendant's request. They represented nothing more than part of the debt secured by the lien of the contract, plaintiff's exhibit 1.

Because the method prescribed by V. S. 47, §§2779 and 2780 was not followed and these sections provide that, in such case, such property shall be deemed to have been taken and accepted in full satisfaction of the lien and that no action shall be maintained to recover any part of the debt secured thereby, it is clear that the judgment is not supported by the facts found. The exception to the judgment is sustained.

*Judgment reversed and judgment for the defendant to recover his costs.*