# Edmond Doyle v. Erna Polle

[157 A.2d 226]

November Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 5, 1960

*R. Lawlor Cooper* and *Keith E. King* for the defendant.
*John S. Burgess* for the plaintiff.

**Shangraw, J.** This is an action of assumpsit in the common counts with specifications seeking to recover only for goods and chattels furnished the defendant. The defendant pleaded a general denial, and also filed an answer in set-off claiming the sum of $2,000, as due the defendant "to balance book accounts between them." On September 12, 1958 the defendant filed a motion to remove the action from the jury trial list, and that judgment to account be made, pursuant to V. S. 47, §§1657-8-9, now 12 V. S. A. (Set-Off) §§5473, 5474 and 5475. Acting on this motion an entry was made by the court, * * "defendant ordered to recognize, and so recognized judgment to account; case to be heard on book account." A referee was appointed to hear and determine the facts and his report as filed reflected that the sum of $509.08 was owing by the defendant to the plaintiff. After the findings of fact were filed by the referee the defendant filed a motion to dismiss the action, in substance stating: (a) that a partnership existed; (b) that no action of law may lie between partners covering partnership affairs unless and until a settlement or accounting has been had between them; and (c) that the court was without jurisdiction to hear the matter unless and until an accounting was had between the parties. This motion was denied by the court, following which the defendant also filed a motion for a discontinuance of her action in set-off which was also denied. A judgment order was then made and filed by the court ratifying and affirming the findings of fact of the referee and therein ordering the defendant to pay to the plaintiff the sum of $610.92 together with interest. The case is here on exceptions to the denial of defendant's motions, and to the judgment order.

The referee found the following facts. During the year 1954 the defendant owned a farm of approximately 185 acres

situated in Weathersfield, Vermont, and desired a partner who would put enough cattle on the farm to make it pay. As a result of negotiations between the parties the plaintiff came to the defendant's farm to stay on September 26, 1954 and remained there until the 24th of November 1954, when he left, during which period the farm and personal property thereon was operated as a partnership on a share-and-share-alike basis. The plaintiff placed on the farm one jersey cow costing $140; two other cows costing $350; and a second-hand milking machine and a second-hand milk cooler costing $160. This property was left on the farm when the plaintiff vacated. These items, including milk cans, were set up in plaintiff's specifications at $658. The referee found the value of the milking machine and milk cooler to be $160, and the cows $400, at the termination of the partnership. No reference is made to the milk cans in the findings. The referee also found that the defendant paid out for farm expenses $379.06, consisting of thirty–three items. The defendant received milk checks aggregating $277.22, leaving a balance due the defendant from the partnership of $101.84, one half of which should be paid to the defendant by the plaintiff. The defendant, at the hearing, sought to recover for certain other items which were disallowed by the referee, including an item of $100 for hay fed out during the months of the partnership, and as to this claimed item by way of a set-off, the referee was unable to find in defendant's favor.

It is clearly apparent that an error in computation was made at time of the rendition of the judgment. On the basis of the facts as found the judgment should have been for $509.08, rather than $610.92.

The owner of a farm and a tenant on shares are tenants in common of the products in the absence of any special privisions modifying their relations. *Vaillancourt* v. *Gover*, 112 Vt. 24, 26, 27, 20 A.2d 122, (same case reported 112 Vt. 386, 26 A.2d 99); *Mott* v. *Bourgeois*, 109 Vt. 514, 517, 1 A.2d 704; *Sowles* v. *Martin*, 76 Vt. 180, 56 A. 979; *Hunt* v. *Rublee*, 76 Vt. 448, 58 A. 74; *Willard* v. *Wing*, 70 Vt. 123, 39 A. 632. The action of account is the proper remedy for the adjustment of all

controversies arising out of this relationship, and everything growing out of such a contract affecting the proper settlement and division may be brought into such accounting. *Vaillancourt* v. *Gover, supra,* page 27; *Mott* v. *Bourgeois, supra,* page 517; *LaPoint* v. *Scott,* 36 Vt. 603, 609. The same is true in actions between partners. 12 V. S. A, Chapter 161, Action for an Accounting. By statutory provision the county court has jurisdiction to hear and determine such actions. 12 V. S. A., §4258.

The plaintiff urges that an accounting has in fact been made. In this case in answer to interrogatories propounded by the plaintiff before hearing, and before entry was made by the court that * * "case be heard on book account", the defendant stated that a partnership relation existed. She then knew of the relationship of the parties. No objection was made to the procedural pattern set by the court, or the referee, or to the method of trial of the claims of each party resulting from the farm tenancy. No exceptions were taken to the referee's findings. It is inconceivable that a strict adherence to the statutory procedure provided for under Chapter 161, 12 V. S. A. entitled "Action for an Accounting" would have brought about a different result. The defendant is not in a position to complain. She has suffered no injustice and has had her day in court. Moreover, in partnership transactions the general rule that there must be an accounting before the right of contribution can be enforced does not seem to be inexorable, and if the equivalent of a judicial accounting has been had, or an accounting is otherwise rendered useless, a suit may be maintained without it. 40 Am Jur. Partnership, §487, page 465. It is our view that, in effect, an accounting has been had in this case. *Hydeville Co.* v. *Barnes,* 37 Vt. 588. See *Collamer* v. *Foster,* 26 Vt. 754; *Bruce* v. *Hastings,* 41 Vt. 380; *Beede* v. *Fraser,* 66 Vt. 114, 28 A. 880. Annotation 21 A. L. R. pages 57, 58, and 59. The defendant's motions were properly denied.

The defendant, in support of the exceptions to the judgment, in general terms contends that the facts found by the referee, and items left to the court to find, are inconclusive

and do not support the finding of a balance due the plaintiff. A general exception to the judgment reaches every question involved in the rendition of the judgment and necessary to its validity. *Ricci* v. *Bove's Executors*, 118 Vt. 463, 465, 114 A.2d 648. It presents only the question whether the findings are such as to support the judgment. *Estate of Boynton*, 121 Vt. 98, 100, 148 A.2d 115; *Blake Chevrolet Co., Inc.* v. *Emerson*, 120 Vt. 3, 4, 132 A.2d 161; *Bagalio* v. *Hoar*, 118 Vt. 384, 392, 110 A.2d 719; *Mott* v. *Bourgeois, supra,* at page 521. Doubtful findings are to construed in favor of the judgment if this can reasonably be done. *Bagalio* v. *Hoar, supra,* 388. The judgment is supported by the findings subject to the correction of the amount thereof as appears at the conclusion of this opinion. As to Finding No. 10 the defendant in her brief refers to a portion of the finding wherein it was stated that the referee was unable to find the amount of certain hay fed out for which the defendant claimed a credit of $100. To this, the only comment made in the brief is that "The judgment order, however does not answer this question, but merely ratifies and affirms the findings and grants judgment." A statement in findings that the trier is unable to find by the requisite degree of proof is equivalent to an affirmative finding against the party claiming the fact. *Sparrow* v. *Cimonetti*, 115 Vt. 292, 300, 58 A.2d 875. It is sufficient to say that the brief merely states a contention, without aid of argument or supporting authorities, and presents no question for review. *Knight* v. *Willey,* 120 Vt. 256, 258, 259, 138 A.2d 596. Mere naked statements, unsupported by argument or citation of authorities, constitute inadequate briefing and merit no consideration. *New England Road Machinery Co.* v. *Calkins*, 121 Vt. 118, 122, 149 A.2d 734; *Franzoni* v. *Newman*, 118 Vt. 421, 423, 110 A.2d 716. The defendant also claims that the plaintiff did not submit his claims to the referee for an adjustment thereof against those of the defendant. This point is not well taken. The findings show otherwise.

In that the judgment should have been for $509.08 rather than $610.92 this requires a reversal pro forma but since the record affords the means of correcting it the case will

not be remanded. *Manatee Loan & Mortgage Co.* v. *Manley's Estate,* 106 Vt. 356, 366, 175 A. 14; *Hopkins* v. *Veo,* 98 Vt. 433, 129 A. 157; *Ellis' Admr.* v. *Durkee,* 79 Vt. 341, 65 A. 94.

*Judgment reversed pro forma and judgment for the plaintiff to recover $509.08 damages with interest thereon from date of judgment below, and costs below and here.*