C. F. BAILEY *v.* PRUCIUS W. MANLEY.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 15, 1904.

*Auction—Representation by Auctioneer—Sales—Recision— Tender—Waiver.*

When an auctioneer, during a public sale conducted by him, announced that everything should be as represented or no sale, and no specific article was exempted therefrom, that statement applied to a mare sold at the auction, represented by the owner to be sound.

In order to rescind a contract of sale the buyer need not make a manual tender of the property sold, when the seller expressly refuses to take it back.

ASSUMPSIT for the price of a horse. Plea, the general issue. Heard on report of a referee at the June Term, 1904,

Windsor County, *Start*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Fred H. Spaulding* for the plaintiff.

The defendant's notice "that the mare was at his place in Dummerston, and subject to his order," was not a sufficient tender. *Warner* v. *Wheeler,* 1 D. Chip. 159; *Gates* v. *Bliss,* 43 Vt. 299; *Gilman* v. *Bingham,* 43 Vt. 410; *Waters Heater Co.* v. *Mansfield & Stimson,* 48 Vt. 378; *Boughton* v. *Standish,* 48 Vt. 594.

*F. D. E. Stowe* for the defendant.

Taking the mare home did not constitute an absolute acceptance. Benj. Sales, (4 Am. Ed.) §911.

WATSON, J.    It is found that at the time of the sale of the mare at auction the plaintiff represented her as sound and all right, and the defendant then understood that she was so represented. During the auction and before the sale of the mare the auctioneer several times announcd that "everything should be as represented or no sale." These statements were not made with reference to any specific article, nor was any specific article excepted therefrom. They therefore had the same application to the mare as they did to other property. It is also found that the mare was sometimes lame, caused by "a strain of the main muscles of the left shoulder, which is an unsoundness and considered incurable;" that after the defendant had purchased the mare and on the same day, he rode in a buggy to his home in Dummerston, a distance of nine miles, leading her behind. That day he did not notice that she was lame, but the next morning "she was stiff in

front and quite lame from what appeared to be a chronic difficulty." Thereupon the defendant found the plaintiff in Putney, told him the condition the mare was in, and notified him that she was at the defendant's place in Dummerston and subject to the plaintiff's order; that she was not such a horse as he wanted, and that he would not pay for her. The plaintiff replied that he should not take the mare back, and that the defendant must pay for her. This was the only offer or demand made by either party before this suit was brought. No question is made but that the defendant had a right to rescind the contract, nor but that he acted seasonably in attempting so to do. The claim is that what the defendant did, did not amount to a rescision, for the reason that his notice that the mare was at his place in Dummerston and subject to the plaintiff's order was not such a return or offer of return of the mare as constitutes a tender of her back to the plaintiff. But when the plaintiff refused to take the property back, a tender was not necessary to make the recision complete. *Barrett* v. *Tyler and Chadwick,* 76 Vt. 108, 56 Atl. 534.

*Judgment reversed, and judgment for the defendant to recover his costs.*