CARL BOMBARDIER *v.* ALFRED GOODRICH.

February Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 6, 1920.

*Infants—Power of Parent to Bind Infant by Contract—Rescission of Contract by Infant—All Reasonable Intendments Made in Favor of Judgment Below—Certified Execution.*

1. The right of an infant to rescind his contract is unaffected by the fact that his father was present advising and approving the transaction; the assent of the father adding nothing to the binding force of an infant's promise.

2. While the father is entitled to the earnings of his minor child, he cannot, by force of his relationship merely, bind him by contracts made in his behalf, nor sell, pledge, or transfer his property; his relation as natural guardian affecting only his right to the custody of the person.

3. On review, all reasonable intendments are in favor of the judgment below, and only necessary inferences may be drawn against it.

4. Where the plaintiff, an infant, attempted to rescind a horse trade, and offered to return defendant's horse and what he had left of the boot money, but defendant refused because the plaintiff's father was present and agreed to the exchange, the rescission

was complete without a tender of the property acquired in the trade.

5. The validity of the rescission was not affected by the fact that the plaintiff offered to return only what he had left of the boot money, as the law did not require him to return more.

6. The defendant's refusal to surrender the plaintiff's horse and his subsequent sale of it amounted to a deliberate conversion of it, and, the action being tort in the form of trover, a certified execution was properly granted.

ACTION OF TROVER brought by the plaintiff, a minor, by his next friend. Plea, the general issue. Trial by Court at the December Term, 1919, Orange County, *Butler,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Max L. Powell* for the defendant.

*Earle R. Davis* for the plaintiff.

POWERS, J. [1, 2] The right of an infant to rescind his contract is unaffected by the fact that his father was present advising and approving the transaction. The assent of the father adds nothing to the binding force of an infant's promise. The father is entitled to the earnings of his minor child, but by force of his relationship, merely, he cannot bind the minor by contracts made in his behalf, and has no authority to sell, pledge, or transfer the latter's property. To be sure, the father is the natural guardian of the minor, but this relation only affects his right to the custody of the person, and does not enlarge his rights in the property of the minor. *Sparhawk* v. *Buell's Admr.,* 9 Vt. at p. 73; *Keeler* v. *Fassett,* 21 Vt. 539, 52 A. D. 71; *Ferguson* v. *Phoenix Mut. L. Ins. Co.,* 84 Vt. 350, 79 Atl. 997, 35 L. R. A. (N. S.) 844. Circumstances might be such that a father would be entitled to property acquired by a minor child in consideration of his services which belonged to the father, but that is not the case before us.

[3] This plaintiff, then, a minor, who, with the advice and approval of his father, had exchanged horses with the defendant, was well within his rights when he rescinded or attempted to rescind that contract. It is quite apparent from the findings

that the father did not make the contract of exchange.    He merely advised and approved.    The plaintiff was the contracting party.    The defendant asks us to draw certain inferences which would materially favor his case, but this we cannot do, for that would subvert the familiar rule that all reasonable intendments are in favor of the judgment below, and only necessary inferences are to be here drawn against it.    Nor can we heed the defendant's appeal for the announcement of what he regards as a more wholesome doctrine than the one that has heretofore obtained in this jurisdiction, for that would be to recede from the established rules of law applicable to the subject-matter of the litigation.

[4]    The contract here in question was made in the town of Williamstown.    Some ten days later, the plaintiff met the defendant on the highway between Jonesville and Bolton, and notified him that the trade was rescinded.    He demanded a return of the bay horse which he traded to the defendant, and offered to return the stallion and what he had left of the boot money on the following day at the place where the original trade was made.

The defendant insists that this did not amount to a valid rescission for lack of a tender of the property acquired by the plaintiff in the exchange.    But we do not need to pass upon this question, for the defendant refused to surrender the bay horse and refused to recognize the rescission, specifying as reason for his refusal that the plaintiff's father was present and agreed to the exchange.    In these circumstances, the rescission was complete without a tender of the property acquired in the trade. *Barrett* v. *Tyler,* 76 Vt. 108, 56 Atl. 534; *Bailey* v. *Manley,* 77 Vt. 157, 59 Atl. 200.

[5]    Nor was the validity of the rescission in any way affected by the fact that the plaintiff offered to pay back only forty dollars of the fifty dollars boot money.    He had spent ten dollars of this money for veterinary services for the stallion, and the law required him to return only what he had left of it.    *Price* v. *Farman,* 27 Vt. 268, 65 A. D. 194.

[6]    There was no error in granting a certified execution. The action was tort in the form of trover.    The defendant's refusal to surrender the horse and his subsequent sale of it amounted to a deliberate conversion of it, and a certified execution could properly be granted.    *Boutwell* v. *Harriman,* 58 Vt.

516, 2 Atl. 159; *Watson* v. *Goodno,* 66 Vt. 229, 28 Atl. 987; *Flanders* v. *Mullen,* 80 Vt. 124, 66 Atl. 789, 12 Ann. Cas. 1010.

*Judgment affirmed.*