## GAGE v. MOORE.

No. 33219.   Oct. 12, 1948.

*198 P. 2d 395.*

Wendell G. Stockton and T. J. McComb, both of Oklahoma City, for plaintiff in error.

Ben LaFon, of Oklahoma City, for defendant in error.

DAVISON, V. C. J. This is an action by Harold E. Gage, a minor, brought by his father and next friend, against R. P. Moore, as defendant, to rescind a contract. The parties appear here in the same order as in the trial court.

There is little dispute of the pertinent facts herein. Harold E. Gage was a minor, 14 years of age, when, on March 18, 1946, he purchased a motor bike with added accessories and equipment from the defendant for the total sum of $184.93, which was paid in cash at the time of the purchase. The transaction was made without the knowledge or consent of the parents of plaintiff. A few days subsequently, plaintiff took the vehicle to defendant attempting to return it and secure a refund of the purchase price. Defendant refused to take it or to refund the money paid for it.

Suit was brought in the justice of the peace court and after judgment for defendant, an appeal was taken to the court of common pleas of Oklahoma county. Upon trial to the court without intervention of a jury, judgment was rendered for defendant from which plaintiff has appealed.

The sole question presented is the effect of section 19 of title 15, O. S. 1941, which is as follows:

"In all cases other than those specified herein, the contract of a minor, if made whilst he is under the age of eighteen may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received or paying its equivalent with interest."

The purchase of necessaries and the construction of section 20 of the same title is not here involved, nor urged by the parties.

The record discloses that the mother of plaintiff was confined in a hospital pending an operation; that she gave plaintiff $162 which belonged to him to deliver to his father for safe-keeping; that on his way home, he passed the establishment of defendant and purchased the motor bike and accessories, the total purchase price being paid entirely from funds belonging to plaintiff and in his possession.

Defendant contended that he should not be required to return the entire purchase price; that he was entitled to deduct therefrom a reasonable rental plus the actual depreciation in value of the machine during the time it was in plaintiff's possession. It was his further contention and the opinion of the trial court that plaintiff's father had acquiesced in and ratified the purchase, and, for that reason, the contract should not be rescinded and avoided by plaintiff.

This latter proposition has not, heretofore, been before this court. However, the better view, which is also supported by the weight of opinion, does not sustain such contentions. In the case of Bombardier v. Goodrich, 94 Vt. 208, 110 Atl. 11, 9 A. L. R. 1028, it is said:

"The right of an infant to rescind his contract is unaffected by the fact that his father was present advising and approving the transaction. The assent of the father adds nothing to the binding force of an infant's promise. The father is entitled to the earnings of his minor child, but by force of his relationship, merely, he cannot bind the minor by contracts made in his behalf, and has no authority to sell, pledge, or transfer the latter's property. To be sure, the father is the natural guardian of the minor, but this relation only affects his right to the custody of the person and does not enlarge his rights in the property of the minor . . .

"This plaintiff, then, a minor, who, with the advice and approval of his father, had exchanged horses with the defendant, was well within his rights

when he rescinded, or attempted to rescind, that contract. It is quite apparent from the findings that the father did not make the contract of exchange. He merely advised and approved. The plaintiff was the contracting party."

Although the factual situation is hardly parallel, the decision of this court in the case of Drumhiller et al. v. Norick Motor Co., 144 Okla. 174, 289 P. 698, is controlling here. Particularly applicable to the instant case is the following language in that opinion:

"No good purpose could be accomplished by entering into an extended discussion of the law relating to the privileges and disabilities of infants in regard to their contracts. The commentators and text-writers themselves do not agree, and the adjudications are irreconcilable, and some cannot be explained upon any well-established principles of law or equity.

"Primarily, we must look to the statutes; the applicable provision here being section 4978, Comp. Stat. 1921 (15 O. S. 1941 §19). . . .

"The age of the mortgagor at the time he executed the mortgage is of controlling consequence: . . . . If he was under the age of 18 years, as contended by the defendants, he could rescind without offering to restore any part of the consideration. In such a case he could be compelled to surrender any portion of the consideration which he had not spent or wasted.

"The rule seems to be fully established that in cases where an infant has purchased property from an adult, the sale vests the title to the property in the infant. But on disaffirmance by the infant of the purchase, the title revests in the vendor who may reclaim the goods from the infant, if he still have them . . ." (citing cases)

To the same effect is the case of Rice v. Anderson, 39 Okla. 279, 134 P. 1120, wherein it was said:

" . . . if the equitable defense of failure to return the consideration had been made, it could not have availed the defendant.

"Plaintiff was not 18 years old when she made the deeds and therefore had a right to disaffirm without restoring the consideration. . . ."

In the instant case, plaintiff's rights were those provided by the above-quoted statute. Being under the age of 18, he could disaffirm the contract and recover the purchase price paid. Whether or not there was a valid offer to return the consideration is of no effect. Of course, when he rescinds, the property which remains in his hands becomes again that of the defendant and restoration can be enforced. But here the plaintiff offered to return the motor bike before and at the time of trial. No difficulty should arise over that.

The application of the above statute may seem harsh in some instances, but its effects may be easily avoided by not making contracts with minors. Always the courts and the law-making bodies have attempted to protect persons of tender years from the wiles of those who would take advantage of them and from the effects of their own folly. Different states have gone to different lengths to accomplish the same purpose. For that reason, there is no universal rule. But, in this state, the bounds are clear cut and definite as set out in the statute above quoted.

The judgment is reversed and the cause remanded, with directions for further proceedings not inconsistent with this opinion.

HURST, C. J., and RILEY, GIBSON, and LUTTRELL, JJ., concur. WELCH, J., concurs in conclusion. CORN, J., dissents.