FRED JONES COMPANY and Pacific Finance Corporation, Plaintiffs in Error,

v.

Virgil BOWLINE, a minor under the age of 21 years, by Lovie Bowline, his mother and next friend, Defendant in Error.

No. 37286.

Supreme Court of Oklahoma.
March 26, 1957.

Joseph A. Moran, Tulsa, for plaintiffs in error.

Blackstock & Jones, Tulsa, for defendant in error.

PER CURIAM.

The parties to this appeal will be referred to by their designation in the trial court.

The plaintiff's verified petition alleged that he purchased an automobile from

Fred Jones Company in June, 1954, the balance of the purchase price being secured by a chattel mortgage; that he was a minor, seventeen years of age at that time; that the automobile was repossessed in July, 1955; that in August, 1955, said minor served notice of his disaffirmance and rescission of the contract and demanded the return of all sums paid the defendants under the terms of said contract; that the defendants had refused to return the consideration. The financial corporation to whom the conditional sales contract had been assigned with recourse by the automobile agency answered by a general denial. The Fred Jones Company answered alleging that no contract had been made with the minor plaintiff, but that the contract was with a Virgil Bowline, a person fifty-nine years of age.

The action was tried to the court, a jury being waived, and upon the issue presented the court found generally:

"* * * that the allegations of plaintiff's petition are not supported by the evidence and judgment is therefore rendered for the defendant. * * *"

Upon hearing the motion for a new trial, the court's order was:

"* * * that said motion should be sustained by reason of error committed by the Court involving a pure and unmixed question of law, the Court being of the opinion that based on the uncontroverted facts and stipulations in this case, that the plaintiff is entitled to a new trial."

The plaintiff produced testimony to prove that the minor plaintiff was seventeen years of age at the time the automobile was purchased; that his full name is Dwayne Virgil Bowline; that his father is Virgil Ray Bowline; that Dwayne Virgil is sometimes known only as Virgil; that the plaintiff purchased the car from the defendant; that he dealt with a salesman named Hayden White; that White filled out the necessary papers; that plaintiff, using the name Virgil Bowline, signed the papers; that White knew he was a minor; that plaintiff made the monthly payments on the contract out of his own earnings; that he had notified the defendants that he disaffirmed the contract. On cross-examination he also testified that he did not represent that he was buying the car for his father; that he took the contract home to sign, but that he did not represent that he took it home to have his father sign; that White told him his father should sign the contract, but that White also told him: "I don't give a d—— who signs them as long as I don't see him."

For the defendants, Mr. White testified that plaintiff represented that he was taking the contract home for his father to execute; that plaintiff was the one who purchased the car and made the deal; that when plaintiff returned with the papers he represented that his father had signed the contract; that White understood he was selling the car to plaintiff's father because the plaintiff was a minor; that he signed the contract as a witness although he did not see the execution of the instrument and wouldn't know Virgil Ray · Bowline's signature if he saw it; that he has never seen plaintiff's father; that he did not ask plaintiff if his father signed the contract.

This action is authorized by 15 O.S.1951 § 19, which provides that a minor may disaffirm his contracts without even a tender of the consideration, if he was not eighteen years of age at the time. As was succinctly pointed out by this court in Gage v. Moore, 200 Okl. 623, 198 P.2d 395, 397:

"The application of the above statute may seem harsh in some instances, but its effects may be easily avoided by not making contracts with minors. * * *"

The question presented by this appeal is whether or not the court erred in granting the plaintiff a new trial. Here, the evidence was uncontroverted that the plaintiff was only seventeen years of age at the time the car was purchased; that the plaintiff conducted all the negotiations; that the plaintiff signed the contract; that the plaintiff's father did not sign the con-

tract. Where the court sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing the trial court. These necessary factors do not exist in this case.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Crawford and Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.