No. 80-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

MELVIN K. PARRENT,

    Claimant and Appellant,

vs.

MIDWAY TOYOTA, Employer and
UNIVERSAL UNDERWRITERS INSURANCE CO.,

    Defendants and Respondents.

---

Appeal from:  Workers' Compensation Court
              Honorable William Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Conner, Baiz & Olsen, Great Falls, Montana
        Tom Baiz argued, Great Falls, Montana

    For Respondents:

        Anderson, Brown, Gerbase, Cebull and Jones, Billings,
          Montana
        Rockwood Brown argued, Billings, Montana

---

                        Submitted:  March 26, 1981

                        Decided:  APR 16 1981

Filed: APR 16 1981


_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court's denial of claimant's petition to reopen a final compromise settlement agreement entered into after claimant injured himself in the course of his employment.

The issue raised on this appeal is whether the Workers' Compensation Court erred in refusing to allow claimant, who is a minor, to disaffirm the "petition for final settlement" and reopen his workers' compensation case?

On August 18, 1975, claimant, who was then fifteen years old, injured his lower back while in the employ of Midway Toyota, Inc., of Great Falls, Montana. At the time he was engaged in lifting heavy objects.

Notice was properly and timely given by all parties in the dispute. Defendant accepted liability and paid claimant the appropriate amount of biweekly temporary total disability payments from August 18, 1975, through November 15, 1976, at the weekly rate of $53.36. On October 6, 1975, a lumbar myelography was performed on claimant which demonstrated a herniated disk at the L4-5 level. Claimant underwent surgery in October 1975 performed by Dr. Robert Chambers. The herniated disk was removed and the posterolateral fusion from the fifth lumbar vertebrae to the sacrum was performed.

On February 1977 claimant and defendant entered into a final settlement of the claim for 150 weeks of permanent partial disability benefits totaling $6,136.40, less credit in the amount of $640.32 for the permanent partial payments made after November 16, 1976.

Claimant has been employed in the oil fields of

Montana since his graduation from high school in June 1978. In the performance of his work, he occasionally experienced low back pain when engaged in heavy lifting or straining, but he has been able to perform all work.

Tom Mazurek, an adjuster, represented defendant in the settlement negotiations. He negotiated with the claimant's mother (natural guardian) and claimant directly. The petition for final settlement, based on a 23 percent impairment rating, was signed by claimant only and was witnessed by a friend. Claimant's mother was present at the time he signed the agreement. She did not object to the signing, nor did she or any other person of legal age or of "legal guardian status" cosign the agreement. Later, claimant and his mother requested that the money be paid in a lump sum amount. The Workers' Compensation Division denied the request.

Claimant later filed a petition to reopen his claim pursuant to section 39-71-204, MCA. At the hearing, the Workers' Compensation Court found no evidence to indicate that there was any increase in claimant's disability from the time of the final settlement to the date of this hearing. The Workers' Compensation Court found no evidence of fraud, misrepresentation or deceit by defendant in the settlement.

The Workers' Compensation Court concluded:

"The claimant's guardian participated fully in consideration of the offered final settlement and though did not actually sign the final settlement petition, she nevertheless ratified and approved it on behalf of her ward, the claimant, to the same legal effect as if she had actually signed the petition . . ."

Claimant argues this conclusion is contrary to the

-3-

law.

Claimant was a minor at the time the final compromise settlement agreement was entered into between the parties. The petition for final settlement is a contract, and contract principles, therefore, must be applied to determine the petition's validity and enforceability. Kienas v. Peterson (1981), ____ Mont. ____, 624 P.2d 1, 37 St.Rep. 1747.

The pertinent statutes are:

Section 28-2-201, MCA:

"Who may contract. All persons are capable of contracting except minors, persons of unsound mind, and persons deprived of civil rights. Minors and persons of unsound mind have only such capacity as is defined by this part, 28-10-104, and Title 41, chapter 1."

Section 28-10-104, MCA:

"Who may appoint an agent, who may be an agent. Any person having capacity to contract, except a minor, may appoint an agent, and any person may be an agent."

Section 41-1-302, MCA:

"Contracts of minors--disaffirmance. A minor may make a conveyance or other contract in the same manner as any other person, subject only to his power of disaffirmance under the provisions of this chapter and to the provisions of Title 40, chapter 1."

Section 41-1-304, MCA:

"When minors may disaffirm. In all cases other than those specified by 41-1-303, 41-1-305, and 41-1-306, the contract of a minor may, upon restoring the consideration to the party from whom it was received, be disaffirmed by the minor himself, either before his majority or within a reasonable time afterwards, or in case of his death within that period, by his heirs or personal representatives."

Section 41-1-304, MCA, allows a minor to disaffirm his contract. Because the sixteen-year-old claimant signed

the petition for final settlement in his own behalf, he alone was the contracting party.

Tom Mazurek chose to contract with the claimant; he must, therefore, be prepared to accept the consequences of claimant's disaffirmance of the petition. The person who deals with an infant does so at his own peril. Niemann v. Deverich (1950) 98 Cal.App.2d 787, 221 P.2d 178.

Defendant claims that the mother, Hermoine Parrent, was present at all times during the signing of the contract; that the mother approved of the contract; that there was no objection to the contract; that the adjuster negotiated with the mother and the claimant during the weeks prior to the signing of the contract and that after the contract was signed, the mother was still aware of the contract rights of claimant and did not object to the same. Because of this close relation and continuous awareness of the mother, the contract is enforceable. We disagree.

It is immaterial that Hermoine Parrent may have advised and counseled claimant with respect to his workers' compensation claim. The mother is the natural guardian of the minor claimant, but this relation only affects her right to the custody of the minor and does not enlarge her rights to the property of the minor. Claimant was the sole contracting party. He is the only party that bound himself legally to the contract. As a minor, he is entitled to disaffirm and rescind the final settlement.

Contrary to defendant's argument in this area is Gage v. Moore (Okla. 1948), 198 P.2d 395. In Gage a fourteen-year-old boy brought an action to rescind a contract. The defendant refused, and suit was brought. The defendant

contended that the plaintiff's father had acquiesced in and ratified the purchase and, for that reason, the contract should not be rescinded and avoided by the plaintiff. In rejecting this contention and finding for the fourteen-year-old plaintiff, the court, quoting from Bombardier v. Goodrich (1920), 94 Vt. 208, 110 A. 11, 9 A.L.R. 1028, stated:

> "'The right of an infant to rescind his contract is unaffected by the fact that his father was present advising and approving the transaction. The assent of the father adds nothing to the binding force of an infant's promise. . .'" 198 P.2d at 396.

It is the policy of the law to discourage adults from contracting with a minor. Tom Mazurek testified he knew claimant was a minor at the time claimant signed the petition for final settlement; yet, Mazurek was not discouraged from obtaining claimant's signature on the petition.

The insurer, adjuster Mazurek and the Workers' Compensation Division have much greater expertise and knowledge in the area of workers' compensation law than have claimant and his mother. We are dismayed that these knowledgeable parties overlooked simple contract law. Defendant erred in not requiring claimant's legal guardian to sign the petition for final settlement on behalf of and in place of claimant himself.

The final compromise settlement is set aside, and we remand this case to the Workers' Compensation Court for proceedings consistent with this Opinion.

John Conway Harrison
Justice

-6-

We concur:

_Fred J. Hibler_

_Daniel J. Shea_

_John C. Sheehy_

_Frank B. Morrison Jr._
Justices