No. 84-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

LEWIS L. BOWEN,

      Claimant,

  -vs-

THE ANACONDA COMPANY,

      Employer, Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court of the State of
Montana, The Honorable Timothy Reardon, Judge
presiding.

COUNSEL OF RECORD:

    For Appellant:

        Andrew J. Utick argued, Helena, Montana

    For Respondent:

        R. Lewis Brown argued, Butte, Montana

    For Amicus Curiae:

        Steve Shapiro, Helena, Montana

---

Submitted:  October 23, 1985

Decided:  February 13, 1986

Filed: FEB 13 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the Workers' Compensation Court of the State of Montana. Respondent Lewis Bowen (hereinafter Bowen) entered into a full and final compromise settlement agreement with the Anaconda Company, appellant, which purported to settle his claim for injuries sustained on October 25, 1974 and March 3, 1977, while working for the Anaconda Company. Bowen subsequently petitioned the Workers' Compensation Court to reopen his compromise settlement with the Anaconda Company claiming that the agreement only settled his claim for injuries sustained in 1974, and did not cover his injuries sustained in 1977. The Workers' Compensation Court agreed with Bowen and this appeal followed. We affirm.

Bowen was employed by the Anaconda Company at its copper smelter in Anaconda, Montana. While so employed, Bowen suffered two industrial accidents to his back on October 25, 1974 and on March 3, 1977. The Anaconda Company accepted liability for Bowen's injuries and paid temporary total disability benefits and medical benefits for both accidents in accordance with Montana law.

On July 23, 1981, Bowen, without the assistance of his counsel of record, entered into a petition for full and final compromise settlement with Marilyn Nelson, Anaconda's Workers' Compensation adjuster, in which Bowen agreed to accept $14,175 thereby allegedly settling both his claims against the Anaconda Company. The body of the settlement agreement provided in pertinent part as follows:

> The undersigned was accidentally injured
> on October 25, 1974 while employed by The
> Anaconda Company an employer enrolled

2

under Compensation Plan No. I of the Montana Workers' Compensation Act. The claim was filed and accepted by the insurer for the payment of any compensation and medical benefits due.

The total compensation paid to date is $16,272.14.

The total medical and hospital benefits paid to date are $7,025.61.

A controversy exists between this claimant and insurer over the amount and duration of compensation. This controversy has been resolved by an agreement between the claimant and insurer wherein the claimant agrees to accept the sum of fourteen thousand one hundred seventy five and no/100 ($14,175.00) in a lump sum (unless such payments are otherwise directed to be paid biweekly by the Division) in a full and final compromise settlement, which represents compensation for 175 weeks. Further medical and hospital benefits are expressly hereby reserved by the claimant, unless otherwise indicated in this petition.

The claimant hereby petitions the Division of Workers' Compensation, with the concurrence of the above named insurer, for approval of this petition and that the case be fully and finally closed on the basis set forth above. The claimant understands that if this petition is approved, the claim is forever closed, and can never again be reopened.

The petition for compromise settlement was then forwarded to the Division of Workers' Compensation for approval as required by law. The Division reviewed the document and discovered an ambiguity in the agreement in that while the agreement only referred to the 1974 accident date, it also stated the amounts of compensation and medical benefits paid to date on both claims, and it also reflected that the settlement was computed based upon the 1977 injury compensation rate. The record indicates the Division, after discovering the ambiguity in the settlement agreement,

3

conducted an investigation into the matter and ascertained, to its own satisfaction, that a mistake had been made in not including both accident dates in the agreement. The Division subsequently revised the settlement agreement to also include the 1977 accident date, and issued an order approving the settlement agreement stating that both Bowen's 1974 and 1977 injury claims were settled for $14,175. Thereafter, the Workers' Compensation Court approved the Division's order closing both of Bowen's claims.

On December 13, 1982, Bowen filed a Petition for Hearing with the Workers' Compensation Court in which he sought to set aside the settlement agreement described above. Bowen asked the court to set aside the settlement agreement upon the grounds that his treating physician had misled him into believing that he had sustained no serious permanent injuries as a result of the accidents, and also that he was misled by representatives of the Anaconda Company who advised him that he was not entitled to a larger settlement. On March 29, 1983, Bowen filed a second Petition for Hearing with the Workers' Compensation Court in which he abandoned his argument set out in the first Petition for Hearing. In the second Petition for Hearing Bowen advanced a new theory that the settlement agreement only settled his claim for injuries sustained in 1974, and did not settle his claim for injuries sustained in 1977.

The case proceeded to trial and the parties filed a stipulation that the issues before the Workers' Compensation Court should be bifurcated as follows: (1) Whether the court had jurisdiction over this matter in view of the provisions of § 39-71-204(2) and § 39-71-2909, MCA; and (2) Whether the settlement agreement between the parties,

4

and the order of the Division of Workers' Compensation approving the agreement, effectuated a compromise settlement of Bowen's claim concerning his 1977 injury. The parties also stipulated that the court should decide these issues based upon the record made to date.

During trial Bowen argued that he never intended to settle both his claims in the settlement agreement and also, that on its face, the settlement agreement only referred to the 1974 accident date. The Anaconda Company responded by asserting that although the settlement agreement only referred to the 1974 accident date, it also included the 1977 accident because the figures on the agreement corresponded to both the 1974 and 1977 accidents. Furthermore, the Anaconda Company argued that Bowen fully intended to settle both his claims in the settlement agreement because the extrinsic evidence surrounding the settlement agreement overwhelmingly pointed to this conclusion. The Anaconda Company also vigorously argued that the Workers' Compensation Court lacked jurisdiction over this matter.

In a detailed findings of fact, conclusions of law and judgment entered September 28, 1984, the Workers' Compensation Court found that it had jurisdiction over this matter and that Bowen had only settled his claim for the 1974 injury in the settlement agreement. In making its decision, the lower court disregarded the order of the Division which revised the settlement agreement and closed both of Bowen's claims. It refused to consider any of the investigation or documentation contained in the Division file. It considered the settlement agreement to be unambiguous within its four corners, thereby negating the need to consider any extrinsic or parol evidence to determine the meaning of the agreement.

5

The Anaconda Company presents the following issues for review:

(1) Whether the Workers' Compensation Court lacked jurisdiction to alter, rescind or amend the order of the Division of Workers' Compensation which revised the settlement agreement and closed both of Bowen's claims?

(2) Whether the Workers' Compensation Court erred in not upholding the Division's order which revised the settlement agreement and closed both of Bowen's claims?

(3) Whether the Workers' Compensation Court erred in not considering the parol evidence introduced by the Anaconda Company at trial to help explain the meaning of the settlement agreement?

(4) Whether the Workers' Compensation Court erred in not considering parol evidence offered into evidence without objection and by stipulation?

We hold the first two issues presented by the Ananconda Company to be dispositive of the instant case, and only these two issues will be discussed.

The thrust of the Anaconda Company's argument in the instant case is that the Workers' Compensation Court, in general, lacks jurisdiction under Montana law to rescind, alter or amend an order of the Division of Workers' Compensation approving a compromise settlement agreement. The Anaconda Company begins this argument by pointing out that although a compromise settlement agreement is considered a contract and the law of contracts applies in the construction and enforcement of a settlement agreement, the agreement is not valid until it is approved by the Division of Workers' Compensation. Kienas v. Peterson (Mont. 1980), 624 P.2d 1, 37 St.Rep. 1747 and § 39-71-741, MCA.

6

Next, the Anaconda Company points out that after the Division has issued its order approving a settlement agreement, the order is referred to the Workers' Compensation Court for review pursuant to § 39-71-2908, MCA. This statute provides that the judge may disapprove the Division's order, but does not require his approval; although as a matter of practice, the judge has issued an order indicating approvals as well as disapprovals. The Anaconda Company points out, in the case where the judge approves the Division's order, he then loses jurisdiction to consider the agreement further, as specifically indicated in § 39-71-204(2) and § 39-71-2909, MCA. These statutes provide in pertinent part as follows:

> Section 39-71-204(2). [E]xcept as provided in § 39-71-2908, the division or the workers' compensation judge shall not have the power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation.

> Section 39-71-2909. [The Workers' Compensation] judge may not change . . . any order approving a full and final compromise settlement of compensation.

The Anaconda Company argues that according to these rules of finality, a settlement agreement can only be reopened by the Workers' Compensation Court upon a showing of fraud, mutual mistake of fact, or a personal incapacity of the claimant to make a binding contract. Parrent v. Midway Toyota (Mont. 1981), 626 P.2d 848, 38 St.Rep. 559; Kienas v. Peterson, supra; Williams v. Industrial Accident Board (1939), 109 Mont. 235, 97 P.2d 1115.

The Anaconda Company argues the Workers' Compensation Court was totally without jurisdiction to rescind, alter or amend the order of the Division which determined, after a thorough investigation, that both of Bowen's claims had been

7

closed by the settlement agreement. The Anaconda Company argues the Workers' Compensation Court had every opportunity to disapprove the order of the Division when the matter was referred to the court pursuant to the provisions of § 39-71-2908, MCA. The Anaconda Company stresses that the actions of the Workers' Compensation Court in the instant case are exactly what § 39-71-204(2) and § 39-71-2909, MCA, are designed to prohibit. We disagree.

In theory, the argument of the Anaconda Company is sound, but in application to the instant case the argument does not hold water. We agree that § 39-71-204(2) and § 39-71-2909 seem to state quite clearly that where a Workers' Compensation judge approves or fails to disapprove a Division order pursuant to § 39-71-2908, he then loses the authority to consider the settlement agreement further except upon a showing of fraud, mutual mistake of fact, or a personal incapacity of the claimant to make a binding contract. However, in the instant case, the Workers' Compensation Court did not violate the provisions of the above statutes because it did not actually rescind, alter or amend the order of the Division approving the settlement agreement. We base this conclusion on the fact that the Division itself has no statutory authority to unilaterally modify a settlement agreement, as it did in the instant case. The function of the Division with respect to the disposition of settlement agreements is as follows:

> [T]he division is hereby vested with full power, authority, and jurisdiction to allow and approve compromises of claims under this chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. Approval of the division must be in writing. The division shall directly notify every

> claimant of any division order approving
> or denying a claimant's settlement or
> compromise of a claim. (Section
> 39-71-741, MCA).

Clearly, under this statute, the Division has no authority to unilaterally rescind, alter or amend the terms of a settlement agreement. It can only allow and approve or disallow a proffered settlement agreement.

In the instant case, the Division discovered an ambiguity in the settlement agreement and concluded, after a thorough investigation, that a mistake had been made in not including both the 1974 and 1977 accident dates in the agreement. The Division subsequently revised the settlement agreement to also include the 1977 accident date, and issued an order approving the agreement. Under § 39-71-741, MCA, the Division clearly does not have the authority to modify or revise a settlement agreement. Therefore, that portion of the Division's order which went beyond its statutory authority in expanding the settlement agreement to also include the 1977 accident date is a nullity and of no force or effect whatsoever. Consequently, the Workers' Compensation Court did not actually rescind, alter or amend the order of the Division approving the settlement agreement because the Division's order only validly approved Bowen's 1974 injury claim.

Therefore, because there is no valid Division order foreclosing Bowen's right to pursue his 1977 injury claim, the remaining issues presented by the Anaconda Company become moot and need not be discussed.

The judgment of the Workers' Compensation Court is affirmed.

9

_John Conway Harrison_
Justice

We concur:

_____
Chief Justice

_Frank B. Morrison_
_____

_____

_John C. Sheehy_
_William E. Hunt Sr._
Justices

Mr. Justice Fred J. Weber dissents as follows:

I dissent from the majority opinion which affirms the Workers' Compensation Court. I conclude that the opinion considers only a portion of the pertinent facts and law.

Both the majority opinion and the Workers' Compensation decision emphasize that the petition for full and final compromise settlement stated "The undersigned claimant was accidentally injured on October 25, 1974 . . .." From that statement in the petition, the Workers' Compensation Court concluded that the wording within the four corners of the contract, was not ambiguous, and therefore no parole evidence could be admitted to show that the settlement petition covered two injuries rather than only the injury of October 25, 1974. The majority opinion then concluded that the Division's revision of the settlement agreement to cover two dates of injury was beyond the authority of the Division and therefore that portion of the order expanding the settlement to include the 1977 accident was a nullity and of no force and effect. The majority then concluded that the order of the Division approved only claimant's 1974 injury claim.

In addition to the foregoing facts, it is important to note that the order approving a full and final compromise settlement stated as follows:

> Lewis L. Bowen was accidentally injured on October 25, 1974 & March 3, 1977, while employed by the Anaconda Company . . .

That order was signed on September 28, 1981 by the administrator of the Division. The order was approved by the workers' compensation judge on September 29, 1981. Under the opinions of this Court, a full and final compromise settlement can only be reopened upon a showing of fraud, mutual mistake of fact, or personal incapacity. See Williams v. Industrial Accident Board (1939), 109 Mont. 235, 97 P.2d

11

1115; Kienas v. Peterson (Mont. 1980), 624 P.2d 1, 37 St.Rep. 1747. For a discussion of the distinction between rescission of a final settlement agreement and rescission of a full and final compromise settlement, see Hutchinson v. Intermountain Insurance Company (Mont. 1985), 710 P.2d 1810, 42 St.Rep. 1810.

The majority opinion concluded that the Workers' Compensation Court did not actually rescind, alter or amend the previous order because the Division's order only validly approved the 1974 injury claim. The majority ignores the specific provisions in the Division's order which approved the full and final compromise settlement for both the 1974 and 1977 injuries, as did the Workers' Compensation Court itself. Of particular significance at this point are the provisions of § 39-71-743, MCA, which in pertinent part states:

> (4) The division has full power, authority and jurisdiction to allow and approve compromises of claims under this chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. Approval of the division must be in writing . . . (Emphasis supplied.)

The only settlement approved by the Division covered both the October 25, 1974 and March 3, 1977 injuries. There is no way in which the Division and Workers' Compensation order could be classed as an approval only of the 1974 injury. The Division has the full power and authority to approve compromises. It approved a compromise of both the 1974 and 1977 injuries. The settlement of $14,175 is specifically stated to be a settlement of the claim for both injuries. If the Division did not have authority to revise the settlement agreement as stated in the majority opinion, then there is no longer an outstanding settlement agreement. Clearly the settlement approved by both the Division and the court

12

covered both claims and cannot be restricted to the 1974 injury. The majority is incorrect in finding that the Division validly approved the 1974 injury claim. That is not the effect of the order. Under the statute, any settlement not approved by the Division is void. The Division has not approved the settlement of $14,175 for the 1974 injury only. In the absence of such an approval, the settlement is void.

At the very most, if an appropriate theory for reopening the order of September 28, 1981 can be found, the compromise settlement would have to be set aside in full. It is totally inappropriate to call it a settlement of the 1974 injury. I would reverse the Workers' Compensation Court.

_____
Justice

Mr. Justice L. C. Gulbrandson joins in the dissent of Mr. Justice Fred J. Weber.

_____
Justice

Mr. Chief Justice J. A. Turnage:

I concur in the dissent of Mr. Justice Weber.

_____
Chief Justice

13