MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from a judgment of the Workers’ Compensation Court of the State of Montana. Respondent Lewis Bowen (hereinafter Bowen) entered into a full and final compromise settlement agreement with the Anaconda Company, appellant, which purported to settle his claim for injuries sustained on October 25, 1974 and March 3, 1977, while working for the Anaconda Company. Bowen subsequently petitioned the Workers’ Compensation Court to reopen his compromise settlement with the Anaconda Company claiming that the agreement only settled his claim for injuries sustained in 1974, and did not cover his injuries sustained in 1977. The Workers’ Compensation Court agreed with Bowen and this appeal followed. We affirm.
Bowen was employed by the Anaconda Company at its copper smelter in Anaconda, Montana. While so employed, Bowen suffered two industrial accidents to his back on October 25, 1974 and on March 3, 1977. The Anaconda Company accepted liability for Bowen’s injuries and paid temporary total disability benefits and medical benefits for both accidents in accordance with Montana law.
On July 23, 1981, Bowen, without the assistance of his counsel of record, entered into a petition for full and final compromise settlement with Marilyn Nelson, Anaconda’s Workers’ Compensation adjuster, in which Bowen agreed to accept $14,175 thereby allegedly settling both his claims against the Anaconda Company. The body of the settlement agreement provided in pertinent part as follows:
“The undersigned was accidentally injured on October 25, 1974 while employed by the The Anaconda Company an employer enrolled under Compensation Plan No. I of the Montana Workers’ Compensation Act. The claim was filed and accepted by the insurer for the payment of any compensation and medical benefits due.
“The total compensation paid to date is $16,272.14.
*187 “The total medical and hospital benefits paid to date are $7,025.61.
“A controversy exists between this claimant and insurer over the amount and duration of compensation. This controversy has been resolved by an agreement between the claimant and insurer wherein the claimant agrees to accept the sum of fourteen thousand one hundred seventy five and no/100 ($14,175.00) in a lump sum (unless such payments are otherwise directed to be paid biweekly by the Division) in a full and final compromise settlement, which represents compensation for 175 weeks. Further medical and hospital benefits are expressly hereby reserved by the claimant, unless otherwise indicated in this petition.
“The claimant hereby petitions the Division of Workers’ Compensation, with the concurrence of the above named insurer, for approval of this petition and that the case be fully and finally closed on the basis set forth above. The claimant understands that if this petition is approved, the claim is forever closed, and can never again be reopened.”
The petition for compromise settlement was then forwarded to the Division of Workers’ Compensation for approval as required by law. The division reviewed the document and discovered an ambiguity in the agreement in that while the agreement only referred to the 1974 accident date, it also stated the amounts of compensation and medical benefits paid to date on both claims, and it also reflected that the settlement was computed based upon the 1977 injury compensation rate. The record indicates the Division, after discovering the ambiguity in the settlement agreement, conducted an investigation into the matter and ascertained, to its own satisfaction, that a mistake had been made in not including both accident dates in the agreement. The Division subsequently revised the settlement agreement to also include the 1977 accident date, and issued an order approving the settlement agreement stating that both Bowen’s 1974 and 1977 injury claims were settled for $14,175. Thereafter, the Workers’ Compensation Court approved the division’s order closing both of Bowen’s claims.
On December 13,1982, Bowen filed a Petition for Hearing with the Workers’ Compensation Court in which he sought to set aside the settlement agreement described above. Bowen asked the court to set aside the settlement agreement upon the grounds that his treating physician had misled him into believing that he had sustained no serious permanent injuries as a result of the accidents, and also that he was misled by representatives of the Anaconda Company who ad *188 vised him that he was not entitled to a larger settlement. On March 29, 1983, Bowen filed a second Petition for Hearing with the Workers’ Compensation Court in which he abandoned his argument set out in the first Petition for Hearing. In the second Petition for Hearing Bowen advanced a new theory that the settlement agreement only settled his claim for injuries sustained in 1974, and did not settle his claim for injuries sustained in 1977.
The case proceeded to trial and the parties filed a stipulation that the issues before the Workers’ Compensation Court should be bifurcated as follows: (1) Whether the court had jurisdiction over this matter in view of the provisions of Section 39-71-204(2) and Section 39-71-2909, MCA; and (2) Whether the settlement agreement between the parties, and the order of the Division of Workers’ Compensation approving the agreement, effectuated a compromise settlement of Bowen’s claim concerning his 1977 injury. The parties also stipulated that the court should decide these issues based upon the record made to date.
During trial Bowen argued that he never intended to settle both his claims in the settlement agreement and also, that on its face, the settlement agreement only referred to the 1974 accident date. The Anaconda Company responded by asserting that although the settlement agreement only referred to the 1974 accident date, it also included the 1977 accident because the figures on the agreement corresponded to both the 1974 and 1977 accidents. Furthermore, the Anaconda Company argued that Bowen fully intended to settle both his claims in the settlement agreement because the extrinsic evidence surrounding the settlement agreement overwhelmingly pointed to this conclusion. The Anaconda Company also vigorously argued that the Workers’ Compensation Court lacked jurisdiction over this matter.
In a detailed findings of fact, conclusions of law and judgment entered September 28, 1984, the Workers’ Compensation Court found that it had jurisdiction over this matter and that Bowen had only settled his claim for the 1974 injury in the settlement agreement. In making its decision, the lower court disregarded the order of the Division which revised the settlement agreement and closed both of Bowen’s claims. It refused to consider any of the investigation or documentation contained in the Division file. It considered the settlement agreement to be unambiguous within its four corners, thereby negating the need to consider any extrinsic or parol evidence to determine the meaning of the agreement.
*189 The Anaconda Company presents the following issues for review:
(1) Whether the Worker’s Compensation Court lacked jurisdiction to alter, rescind or amend the order of the Division of Workers’ Compensation which revised the settlement agreement and closed both of Bowen’s claims?
(2) Whether the Worker’s Compensation Court erred in not upholding the Division’s order which revised the settlement agreement and closed both of Bowen’s claims?
(3) Whether the Worker’s Compensation Court erred in not considering the parol evidence introduced by the Anaconda Company at trial to help explain the meaning of the settlement agreement?
(4) Whether the Workers’ Compensation Court erred in not considering parol evidence offered into evidence without objection and by stipulation?
We hold the first two issues presented by the Anaconda Company to be dispositive of the instant case, and only these two issues will be discussed.
The thrust of the Anaconda Company’s argument in the instant case is that the Workers’ Compensation Court, in general, lacks jurisdiction under Montana law to rescind, alter or amend an order of the Division of Workers’ Compensation approving a compromise settlement agreement. The Anaconda Company begins this argument by pointing out that although a compromise settlement agreement is considered a contract and the law of contracts applies in the construction and enforcement of a settlement agreement, the agreement is not valid until it is approved by the Division of Workers’ Compensation. Kienas v. Peterson (Mont. 1980), 624 P.2d 1, 37 St.Rep. 1747 and Section 39-71-741, MCA.
Next, the Anaconda Company points out that after the Division has issued its order approving a settlement agreement, the order is referred to the Workers’ Compensation Court for review pursuant to Section 39-71-2908, MCA. This statute provides that the judge may disapprove the Division’s order, but does not require his approval; although as a matter of practice, the judge has issued an order indicating approvals as well as disapprovals. The Anaconda Company points out, in the case where the judge approves the Division’s order, he then loses jurisdiction to consider the agreement further, as specifically indicated in Section 39-71-204(2) and Section 39-71-2909, MCA. These statutes provide in pertinent part as follows:
“Section 39-71-204(2). [E]xcept as provided in Section 39-71-2908, the division or the workers’ compensation judge shall not have the *190 power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation.
“Section 39-71-2909. [The Workers’ Compensation] judge may not change . . . any order approving a full and final compromise settlement of compensation.”
The Anaconda Company argues that according to these rules of finality, a settlement agreement can only be reopened by the Workers’ Compensation Court upon a showing of fraud, mutual mistake of fact, or a personal incapacity of the claimant to make a binding contract. Parrent v. Midway Toyota (Mont. 1981), 626 P.2d 848, 38 St.Rep. 559; Kienas v. Peterson, supra; Williams v. Industrial Accident Board (1939), 109 Mont. 235, 97 P.2d 1115.
The Anaconda Company argues the Workers’ Compensation Court was totally without jurisdiction to rescind, alter or amend the order of the Division which determined, after a thorough investigation, that both of Bowen’s claims had been closed by the settlement agreement. The Anaconda Company argues the Workers’ Compensation Court had every opportunity to disapprove the order of the Division when the matter was referred to the court pursuant to the provisions of Section 39-71-2908, MCA. The Anaconda Company stresses that the actions of the Workers’ Compensation Court in the instant case are exactly what Section 39-71-204(2) and Section 39-71-2909, MCA, are designed to prohibit. We disagree.
In theory, the argument of the Anaconda Company is sound, but in application to the instant case the argument does not hold water. We agree that Section 39-71-204(2) and Section 39-71-2909 seem to state quite clearly that where a Workers’ Compensation judge approves or fails to disapprove a Division order pursuant to Section 39-71-2908, he then loses the authority to consider the settlement agreement further except upon a showing of fraud, mutual mistake of fact, or a personal incapacity of the claimant to make a binding contract. However, in the instant case, the Workers’ Compensation Court did not violate the provisions of the above statutes because it did not actually rescind, alter or amend the order of the Division approving the settlement agreement. We base this conclusion on the fact that the Division itself has no statutory authority to unilaterally modify a settlement agreement, as it did in the instant case. The function of the Division with respect to the disposition of settlement agreements is as follows:
“[T]he division is hereby vested with full power, authority, and jurisdiction to allow and approve compromises of claims under this *191 chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. Approval of the division must be in writing. The division shall directly notify every claimant of any division order approving or denying a claimant’s settlement or compromise of a claim.” (Section 39-71-741, MCA).
Clearly, under this statute, the Division has no authority to unilaterally rescind, alter or amend the terms of a settlement agreement. It can only allow and approve or disallow a proffered settlement agreement.
In the instant case, the Division discovered an ambiguity in the settlement agreement and concluded, after a thorough investigation, that a mistake had been made in not including both the 1974 and 1977 accident dates in the agreement. The Division subsequently revised the settlement agreement to also include the 1977 accident date, and issued an order approving the agreement. Under Section 39-71-741, MCA, the Division clearly does not have the authority to modify or revise a settlement agreement. Therefore, that portion of the Division’s order which went beyond its statutory authority in expanding the settlement agreement to also include the 1977 accident date is a nullity and of no force or effect whatsoever. Consequently, the Workers’ Compensation Court did not actually rescind, alter or amend the order of the Division approving the settlement agreement because the Division’s order only validly approved Bowen’s 1974 injury claim.
Therefore, because there is no valid Division order foreclosing Bowen’s right to pursue his 1977 injury claim, the remaining issues presented by the Anaconda Company become moot and need not be discussed.
The judgment of the Workers’ Compensation Court is affirmed.
MR. JUSTICES MORRISON, SHEEHY and HUNT concur.